MAYOR ET AL.   It is therefore ordered, adjudged and decreed that the judg-
*vs.*
HENNEN.   ment of the District Court be affirmed as to the defendant,
Hale, by consent: And it is further ordered and decreed that
said judgment be annulled and reversed so far as it relates to
the defendant Huie; and the case remanded for further pro-
ceedings according to law; the plaintiffs and appellees paying
the costs of the appeal.

## MAYOR ET AL *vs.* HENNEN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The payment by the clerk of a court, in which money is deposited, to the attor-
ney of the party entitled to receive it, is a good payment, and will discharge
the clerk from all liability.

This is an action to recover from the defendant the sum of
$68,637, which the plaintiffs allege he failed to pay over to
them, out of a larger amount which had been deposited in the
U. S. District Court, of which he was clerk.

The defendant justified and explained the manner he had
paid over the large amount of monies and notes deposited in
the U. S. District Court to the plaintiffs by order of said court;
averring that he had made the payment to the plaintiffs or their
lawful agent. He then sets up a balance due him on this
transaction for commissions amounting to $1386 29, for which
he prays judgment in reconvention.

The principal facts involved, are that the city recovered a
large sum, which was in contest with the United States, and
deposited in court to await the event of the suit.

When the final decision came, the attorney for the plaintiffs procured an order of court, on presenting the mandate for the delivery of the money and notes in contest to the successful party. The defendant, as clerk of the court, gave to the attorney who had the management of the case, checks and orders on the banks where the money and notes were deposited ; and among them two checks amounting to $64,692, being the principal part of the sum now claimed. The attorney gave a receipt therefor as attorney and agent of the corporation of New Orleans ; which sum the evidence showed he appropriated to himself for the amount of his fee in the case.

On the evidence produced, there was a verdict and judgment for the defendant, allowing him his reconventional demand; from which the plaintiffs appealed.

*Canon*, for the plaintiffs and appellants, contended that the attorney had no authority to receive this money ; that it should have been paid over to the treasurer of the city of New Orleans. The agency or employment of the attorney was special and did not authorize him to settle the claim and receive the money. The defendant therefore paid in his own wrong.

*Eustis & Grymes*, for the defendant.

*Martin, J.* delivered the opinion of the court.

A judgment obtained by the United States against the Mayor, Aldermen and inhabitants of the city of New Orleans, in the District Court of the United States for the Eastern District of Louisiaua, having been reversed by the Supreme Court of the United States, the corporation of New Orleans became entitled to a very large sum of money, which had been deposited in two of the banks of the city to await the event of said suit. A member of the bar who had been employed by the corporation to provoke the reversal of the judgment, on filing

EASTERN DIS.
*May*, 1841.

MAYOR ET AL.
*vs.*
HENNEN.

the mandate of the Supreme Court procured an order from the District Court for the payment of the money thus deposited to the credit of the plaintiffs in error; and obtained from the present defendant, then clerk of the said District Court, two checks amounting together to the sum of $64,692 15, which he claimed from the corporation as a compensation for his professional services in the case. The present suit is brought to recover this sum from the defendant, as having been improperly paid; and the plaintiffs are appellants from a judgment which disallows their entire claim, and gives to the defendant the sum of $1386, on his reconventional demand set up in his answer.

The counsel for the appellants, besides questioning the right of the attorney to receive any money of theirs, have laid great stress on an allegation that he was entitled to no compensation from them, and if entitled to any, to a very small sum in comparison to that he received.

It has appeared to us perfectly useless in the decision of this case, to inquire into the claim of the attorney against the corporation; for his right to receive the money resulted from his having been employed to provoke the judgment under which the corporation became entitled to the money. If this circumstance authorized him to receive the whole amount of the judgment, it is immaterial to inquire whether the part which was paid to him be more than was justly due to him for his fee. The Louisiana Code, article 2139, provides that " payment to an attorney at law, employed to sue for the payment will discharge the debtor, although the attorney be not specially empowered to receive the debt." It is therefore clear that the attorney derived his authority to receive, from his employment to procure the judgment and needed no special authorization. The defendant and appellee consequently paid in compliance with an order of court, requiring him to pay the money which had been deposited in the banks, to the corporation or its agent; and there is not the least suggestion that he did not act in good faith.

*The payment by the clerk of a court, in which money is deposited, to the attorney of the party entitled to receive it, is a good payment and will discharge the clerk from all liability.*

Neither party has drawn our attention to the plea in recon-vention, or complained of the judgment rendered thereon. We have not thought it our duty to look into it.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.