(105 So. 76)

No. 25846.

## SUCCESSION OF CZARNOWSKI.

(May 25, 1925.   Rehearing Denied June 22, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Partition ☞91—Notary appointed to partition succession held not administrator nor subject to rules thereof.**

Notary public appointed to make partition of a succession, being regulated by Civ. Code, arts. 1347–1381, and not being administrator subject to Civ. Code, arts. 1133–1157, is not required by article 1150 to place funds of estate in his custody in bank allowing interest on deposit.

**2. Partition ☞91—Notary partitioning succession distinguished from "administrator."**

An "administrator" is one authorized to manage and distribute estate of intestate or of

testator who has no executor, whereas notary public, to whom heirs have been referred for partition of estate, is limited to division of property composing the succession and distribution thereof among heirs, and is not charged with management of estate in any sense.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Administrator.]

**3. Attorney and client ☞98—Payment to attorney of record of sums recovered for client is valid.**

In view of Civ. Code art. 2146, and Code Prac. art. 766, payment to attorney of record of money recovered for client is valid payment.

**4. Attorney and client ☞77—Attorney is agent of client so far as acts come within scope of employment.**

Attorney is agent of client so far as acts come within scope of employment.

**5. Attorney and client ☞98—Payment by notary of heir's share of succession funds to attorney of record held valid.**

Payment by notary public, appointed to partition succession, of major heir's share of funds to his attorney of record, who was present and acting for and in behalf of his client at distribution of fund, *held* valid payment.

**6. Partition ☞92—Distribution of funds of succession need not be delayed until partition is homologated.**

Civ. Code, arts. 1374, 1375, 1379, prescribing what persons shall make application for homologation of partition, and relating to opposition to homologation, and requiring delivery to heirs after partition, *held* not to require that, after act of partition has been completed and signed by all the heirs, distribution of funds of succession among them shall be delayed until partition is homologated; it being duty, under article 1379, of officer charged with making partition to distribute funds and deliver to each heir title papers to objects due him, partition not being terminated theretofore.

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

Partition proceedings by the heirs of Mrs. Anna C. Czarnowski, widow of Peter St. Amand.   On rule by notary appointed to effect partition to show cause why final act of partition should not be homologated, and mover dismissed from further responsibility,

opposed by Otto Berger, one of the heirs. From a judgment making the rule absolute, and discharging the notary, opponent appeals. Affirmed.

Paul A. Sompayrac, of New Orleans, for appellant Berger.

Emile Pomes, of New Orleans, for appellee Pomes.

Arthur J. Peters, of New Orleans, for appellee Charlotte A. Young.

Fred G. Veith, of New Orleans, for appellee Peter St. Amand Young.

BRUNOT, J. In a suit brought by the heirs of Mrs. Czarnowski for a partition of the estate of their deceased mother, the court rendered a judgment as prayed for, and appointed Emile Pomes, notary public, to make the partition. Differences arose between the heirs, and the matter was referred to the court. Thereafter, by agreement of the parties, the court issued an order for a provisional partition of all of the funds of the estate, except $12,959.40, which amount the notary was directed to retain pending the adjustment of the claims in dispute. With reference to these claims a decree was subsequently rendered fixing the rights of the several parties and ordering the final partition of the estate. An act of partition was prepared; it was signed by all of the heirs. The notary delivered the share of each heir to his or her attorney of record, and ruled the heirs into court to show cause why the final act of partition should not be homologated and the mover be dismissed from further responsibility.

One of the heirs, Otto Berger, opposed the discharge of the notary, and, from a judgment making the rule absolute and discharging the notary, he has appealed.

Appellant's answer to the rule contains several alleged reasons for his opposition thereto, but there are only two which require consideration, viz.: Is a notary who is appointed by the court to effect a partition required to place the funds of the estate in his custody in a bank, allowing interest on the deposit? And, Is payment of an heir's share of the estate to his or her attorney of record a good and valid payment?

As to the first question, appellant relies upon article 1150 of the Civil Code. As to the second, he cites articles 1374, 1375, and 1379 of the Civil Code.

[1] Article 1150, C. C., relates only to executors, administrators, curators, and syndices. It is found in section 4 of chapter 8 of the Code, which chapter treats exclusively of vacant and intestate successions. The articles found in this chapter have no application to the partition of estates or to the duties of notaries with reference thereto. Chapter 12 of the Code treats of the partition of successions, and section 4 of that chapter provides how the recorder or notary is bound to proceed in the judicial partition. The notary, in this case, conducted the proceedings before him and partitioned the estate in exact accord with the judgment of the court and the articles found in chapter 12 of the Civil Code.

[2] Appellant assumes that any one who distributes the funds of an estate is an administrator. We find the following in the syllabus of his supplemental brief:

"One who distributes funds, etc., of an estate is an administrator."

In support of his assumption he cites Bouvier's Law Dictionary, and says:

"Mr. Bouvier's Law Dictionary defines administrator as follows: A person authorized to manage and distribute the estate of an intestate, or of a testator who has no executor."

Appellant has fallen into error by overlooking the significance of the word "manage" in the quoted definition. An administrator manages, controls, acts for and in behalf of the succession, represents the succession in judicial proceedings brought by or

brought against the succession, etc. The power of a notary·public to whom the heirs have been referred for the partition of the estate is limited to the division of the property composing the succession and the distribution thereof among the heirs. He is not charged with the management of the estate in any sense, and he has none of the powers of an administrator. Appellant has cited no law in support of his contention, and we know of none that, even by analogy, sustains his point of view.

[3] The validity of the payment of an heir's share of the funds of a succession to such heir's attorney of record has not been directly passed upon by this court, but it is the settled jurisprudence of this state that a payment to the attorney of record of sums of money recovered by him for his client is a valid payment. Article 2146, C. C.; article 766, C. P.; Nolan v. Rogers, 4 Mart. (N. S.) 145; Mayor et al. v. Hennen, 18 La. 430; Liquidators of Joseph David Co. v. Berthelot Bros., 118 La. 383, 42 So. 971.

[4, 5] An attorney at law is an officer of the court, and, in judicial matters, by reason of his employment, in so far as his acts come within the scope of his employment, he is held to be the agent of his client. We know of no law, and counsel has cited none, which invalidates or authorizes the annulment of the payment of a major heir's share of succession funds to his or her attorney of record, who is present and acting for and in behalf of his client, at the distribution of the fund.

[6] Appellant contends, however, that the funds of the succession cannot be distributed until the act of partition has been homologated, and he cites articles 1374, 1375, and 1379, C. C., in support thereof. Article 1374, C. C., relates to and prescribes what persons shall make application for the homologation of the partition. Article 1375 relates only to oppositions to the homologation, and article 1379, C. C., is as follows:

"After the partition, delivery must be made to each of the co-heirs, of the title papers of the objects fallen to his share."

These articles of the Code do not provide that, after the act of partition has been completed and signed by all of the heirs, the distribution of the funds of the succession among the heirs shall be delayed until the partition is homologated. In fact, article 1374, C. C., places the responsibility for the homologation of the partition upon the heirs themselves, and this responsibility arises only after the partition has been terminated. It is the duty of the officer charged with making the partition to distribute the funds of the succession and to deliver to each heir the title papers to the objects falling to him or her. The partition is not terminated until this is done.

We are of the opinion that the judgment appealed from is correct, and it is therefore affirmed at appellant's cost.

O'NIELL, C. J., absent.