WATKINS, Judge.
This is an appeal taken in a partition proceeding from a judgment homologating a judicially appointed notary’s recommendations concerning the extent of the assets comprising a marital community dissolved by judgment of separation, which was followed by judgment of divorce. Also at issue are the awarding of credits for various items, and the denial of other credits found in the notary’s recommendations as homolo-gated. We affirm.
Mrs. Florence Randazzo sought a partition of community assets in proceedings brought against Matthew J. Randazzo, III, who was at the time her husband but separated from her by judgment of separation from bed and board. The trial court appointed John A. Lieux, a notary public, from Gonzales, to hear testimony and make recommendations as to the composition of the community and credits to be allowed the parties. All witnesses were questioned in open court by counsel for both parties in the presence of the notary and the trial judge, with the exception of one witness, whose testimony was of little direct relevance, who was questioned through deposition. The notary then prepared lengthy recommendations, in which he weighed the credibility of witnesses and indicated the extent of the formerly existing community of acquets and gains and awarded credits. These findings were homologated by the trial judge.
We have thoroughly reviewed the entire record, and find no manifest error in the trial court’s determinations of the composition of the community and in the awarding of credits as reflected by the ho-mologation of the notary’s recommendations. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Dominque, 365 So.2d 1330 (La.1978). Indeed, we are satisfied after thorough review of the record the trial court’s determination was correct. We question the irregularity of the proceedings in the permitting of the notary to hear witnesses, ask questions, and make recommendations. The notary’s functions are expected to be purely ministerial in the effecting of a partition. Jung v. Stewart, 190 La. 91, 181 So. 867 (1938); cf. LSA-C.C.P. art. 4605. However, reversible error cannot be said to have been committed, as all major witnesses were questioned in the presence of the trial judge, in open court, and the trial judge participated in the trial in the performance of his judicial functions by presiding and asking questions of witnesses. The powers conferred upon the notary and executed by him exceeded the ministerial functions allotted the notary by law. The proceedings thus showed a certain laxity that we would prefer were absent, but the error did not affect the result. We, therefore, affirm.
Accordingly, the judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.