426 So.2d 299 (1983)
Roy J. SICARD
v.
Marianne B. Sicard, Wife of Roy J. SICARD.
No. CA 0058.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1983.
Rehearing Denied February 24, 1983.
*300 William L. Von Hoene, New Orleans, for plaintiff-appellant.
Martin A. Welp, New Orleans, for defendant-appellee.
Before GULOTTA and BYRNES, JJ., and SWIFT, J. Pro Tem.
G. WILLIAM SWIFT, Jr., Judge Pro Tem.
This is an appeal by an ex-husband from that portion of a judgment of the district court in favor of his former wife which annulled and set aside an inventory, a sheriff's sale of community property and dismissed the husband's petition to homologate a partition prepared by the court-appointed notary public. The judgment, however, denied the wife's demand to set aside the original default judgment which ordered the community immovables sold to effect the partition.
Roy and Marianne Sicard were divorced in August, 1979. On July 2, 1980, Roy Sicard filed a petition to partition the community property, at which time the court appointed a notary to conduct an inventory. The petition and order were personally served on Marianne Sicard on July 14, 1980. She filed no pleadings and on September 8, 1980, a preliminary default was entered. An inventory was filed and on March 27, 1981, the default was confirmed. That judgment ordered a partition by licitation of the immovables, the sale to be conducted by the sheriff, equal division of a savings account and payment of $1,000.00 to Roy Sicard for his one-half interest in a truck in the possession of his former wife.
Subsequently, a public sale of the real property was advertised by the sheriff and on May 7, 1981, the sale was held. Roy Sicard and the notary attended same and the notary bid the three pieces of property in for the account of Roy Sicard for the total price of $25,600.00.
On June 18, 1981, the notary notified Marianne Sicard by certified mail of his intent to effect a partition at his office on June 24, 1981. Mrs. Sicard testified that this was the first notice she received that the community property had been inventoried. She stated that she notified her attorney, but neither party appeared at the notary's office on June 24 or responded in any way to the letter.
On July 1, 1981 the notary filed a petition to homologate the partition which he had prepared. Shortly thereafter, Mrs. Sicard filed a petition to nullify the default judgment, to void the sheriff's sale, to dismiss the petition to homolgate the partition and to dismiss the notary. The trial court on December 14, 1981, refused to annul the default judgment, but ordered the sheriff's sale and the inventory set aside and the petition to homolgate the property inventoried dismissed.
Mrs. Sicard's position in the district court and on this appeal is that the entire proceedings, including the default judgment and the sheriff's sale, are null and void under C.C.P. Art. 2004, because of ill practices on the part of her former husband, his attorney and the notary appointed by the court to make the partition. Her counsel admits that there was no fraud involved, but asserts that the immovable property should have been partitioned in kind rather than by licitation and that he and Mrs. Sicard were not given proper notices of the default judgment, the sale and the preparation of the inventory and the partition.
*301 Mrs. Sicard neither appealed nor answered her husband's appeal from the judgment of December 14, 1981, now before this court, which recognized the validity of the default judgment dated March 27, 1981. Consequently, we are unable to amend that judgment in favor of the appellee even had the district court erred in ordering the sale of the immovables by the sheriff to effect a partition.
Be that as it may, the record discloses that no ill practice was involved in connection with the default judgment and that it is valid in every respect. Mrs. Sicard was personally served with the citation and petition for a partition by licitation, and after expiration of the delays provided by law a preliminary default was confirmed on due proof that the immovables were not divisible in kind. While neither Mrs. Sicard nor her attorney (who was not then counsel of record and had not notified Mr. Sicard or his lawyer of his representation) received any further notice of the default judgment or the sale, service of citation and the petition for partition by licitation was the only notice to which she was entitled. Gauthreaux v. Gauthreaux, 377 So.2d 567 (La. App. 3 Cir.1979). Kees v. Michael, 376 So.2d 1282 (La.App. 2 Cir.1979). While adequate proof was actually presented, Mrs. Sicard's failure to timely appeal from the default judgment foreclosed any attack thereon based on insufficiency of the proof upon which the judgment was rendered.
Despite the specific finding in his written reasons for judgment that "there is no evidence of fraud or ill practice by either Mr. Sicard, his attorney, William Von Hoene or the notary, Frank C. Moran ..." the trial judge set aside the sheriff's sale and the notary's recommended partition, because the latter's "actions, though well intended, failed the test of impartiality incumbent on him as the court's appointee." The bases expressed for such holding were that the notary failed to contact Mrs. Sicard or her lawyer to obtain information from them as to the community assets in order to prepare the inventory and also that the notary attended the sheriff's sale at the request of Mr. Sicard and his attorney and bid the property in for the husband.
In this instance the notary public was an attorney who occupied office space with (but was not a partner or an associate of) Mr. Von Hoene. He was acquainted with Mr. Sicard, who went to the sale and instructed him in regard to the bids that he made against one or more other bidders. Mr. Von Hoene may have also been present. There is no indication of irregularity or suppression of bidding at the public sale. Mr. Moran's testimony that he "just upped" the bids until the property was finally purchased for Mr. Sicard is uncontradicted.
We respectfully disagree with the trial judge that the notary's having bid the property in for Mr. Sicard under these circumstances was so unconscionable or inequitable that the sheriff's sale must be decreed a nullity.
According to Gauthreaux and Kees, supra, Mrs. Sicard was not entitled to further notice of the sale after being personally served with the petition for the partition by licitation. See also Accardo v. Dimiceli, 226 La. 435, 76 So.2d 521 (1954).
While a notary appointed to effect a partition must act fairly and impartially, he is not an administrator of the community estate. Succession of Czarnowski, 158 La. 1093, 105 So. 76 (La.1925). His functions are purely ministerial and he must simply follow the judgment which ordered the partition and regulated the manner in which it is to be made. Jung v. Stewart, 190 La. 91, 181 So. 867 (1938); Randazzo v. Randazzo, 401 So.2d 1255 (La.App.1981). And our Supreme Court held in Covas v. Bertoulin, 44 La.Ann. 683, 11 So. 143 (1892), that where the proceedings were fairly conducted, the fact that the notary who made the inventory and conducted the family meeting for minor co-owners was the agent of two major co-owners did not constitute a ground to annul the partition sale.
As stated, there is no indication that there was any suppression of bids or other irregularity at this sheriff's sale. Had Mr. Sicard or Mr. Von Hoene done the bidding *302 themselves, Mrs. Sicard certainly could not complain. The notary's bids at the request and on behalf of the husband actually inured to the wife's benefit, because a higher price was ultimately obtained for the property.
While it is true that the immovables were sold for slightly less than one-half their appraised value, unless the court which ordered the sale to effect a partition fixes a minimum price, the property may be sold for whatever it will bring at a public sale regardless of appraisement. Barbarich v. Meyer, 154 La. 325, 97 So. 459 (1923). Had Mrs. Sicard been prepared to bid more than was realized at this sheriff's sale, her failure to do so resulted from her own or her attorney's inaction, not the lack of proper notice or ill practice on the party of the notary, Mr. Sicard or his attorney. It is clear from the record that this sale was duly and fairly conducted.
We fail to see how the failure to notify or contact Mrs. Sicard before preparing the inventory of the community property was such an irregularity or impropriety as to nullify the sheriff's sale. Code of Civil Procedure Article 4604 provides that the court may order an inventory of the property sought to be partitioned, but it is neither required nor essential. Barbarich v. Meyer, supra; Lester v. Lester, 245 So.2d 478, 481 (La.App. 3 Cir.1971); McElwee v. McElwee, 255 So.2d 883 (La.App. 2 Cir.1972), writ denied 260 La. 861, 257 So.2d 434 (1972).
Actually, the notary public attempted to locate Mrs. Sicard by telephone and he wrote two letters notifying her of the time, date and place he planned to commence the partition and requesting that she arrange to be present. One of these Mrs. Sicard admittedly received before the appointed time, but she neither appeared nor did she contact the notary.
The parties, of course, are not bound by either the inventory or the notary's recommended partition. Aucoin v. Greenwood, 199 La. 764, 7 So.2d 50 (1942). Neither have been homologated by the court and it is therefore necessary to remand this matter for this purpose. Lester v. Lester, supra. Mrs. Sicard can then file an opposition asserting her position as to any omitted community property and also her claims in accordance with C.C.P. Art. 4610. The trial court will rule thereon and direct the complete partition of the proceeds of the sheriff's sale and the other property of the former community.
For the foregoing reasons, the judgment of the district court is affirmed insofar as it dismissed the plaintiff's demand to set aside the default judgment dated March 27, 1981, but otherwise it is reversed. This case is remanded to the district court for completion of the inventory and partition in accordance with C.C.P. Art. 4601 et seq. The costs of the appeal are assessed to Mrs. Sicard. Other court costs will be assessed upon final determination of the proceedings.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.