DOUCET, Judge.
This appeal arises from litigation involving certain assets within the succession of Wilna Thibodeaux Landry and Sidney P. Landry. From a judgment that reinstated *87 the homologation of a partition in kind of these assets, Sidney Landry, Jr. perfected this appeal.
Charles A. Landry and Sidney P. Landry, Jr., who are the children of the decedents, received the assets from the succession in a judgment of possession rendered on September 15, 1976. Much of these assets were owned by Charles Landry and Sidney Landry, Jr. in undivided interests. On May 19, 1978, Sidney Landry, Jr. petitioned for an injunction against his brother, Charles Landry, to enjoin him from using the assets held indivisión because Charles was allegedly using the assets to the detriment of and in disregard of Sidney Landry, Jr’s, rights. Charles Landry filed an exception of no right of action and reconvened seeking a partition in kind. After several delays Charles Landry secured a preliminary default on his reconventional demand for a partition in kind. The default was confirmed and a judgment was rendered on June 16, 1978. This judgment granted Charles Landry’s reconventional demand for a partition in kind and it appointed a notary to conduct an inventory and propose an equitable division. After conducting the inventory, the notary filed his proces verbal of the partition on November 19, 1982. Included in the proces verbal were letters submitted by each party raising objections to certain items in the inventory.
On December 28, 1982, Charles Landry filed a rule to show cause why the partition should not be homologated. Notice of this rule was served personally on Sidney Landry, Jr. on January 4, 1983. After receiving a certificate of no opposition to the rule from the Clerk of Court’s office, the trial court homologated the partition on January 27, 1983. On the following day, Sidney Landry, Jr. filed a rule to show cause why the partition should not be rejected and an order suspending the homologation was signed. After a hearing was conducted on this Rule, the trial court rendered a judgment which denied Sidney Landry, Jr.’s demand for a rejection of the partition and the homologation of January 17, 1983 was reinstated. The trial court also awarded Charles Landry $600.00 in attorney’s fees for the costs associated with the litigation of this matter subsequent to the homologation on January 27, 1983. From this judgment Sidney Landry, Jr., plaintiff-appellant, perfected this devolutive appeal.
The plaintiff-appellant presents three principal issues: 1) that the original default judgment ordering the partition was not supported by the evidence; 2) that the letter of objection submitted to the court-appointed notary and filed with the proces verbal constituted an opposition to the ho-mologation as contemplated by La.C.C.P. art. 4610; and 3) that he did not receive adequate notice of the amended rule to homologate filed on December 22, 1982.
The plaintiff-appellant contends that the trial court erred in ordering the partition because the default judgment was not supported by the evidence and he accordingly asks us to reverse this judgment. The default judgment was rendered on September 15, 1976. The record indicates that the procedural requirements for a default judgment were complied with. No timely appeal was taken therefore this judgment is final and cannot be addressed on this appeal which concerns only the homologation of the partition ordered in 1976. The appellant’s failure to timely appeal from this default judgment precludes any attack thereon based upon the insufficiency of evidence upon which the judgment was rendered. Sicard v. Sicard, 426 So.2d 299 (La.App. 4th Cir.1983). The judgment rendered on September 15, 1976, which ordered the partition and appointed a notary to conduct this task is a final judgment that is not interlocutory in nature. We cannot disturb that judgment on this appeal.
The plaintiff-appellant next contends that the homologation of the partition was rendered as if he made no opposition when in fact he filed his opposition to the homologation. La.C.C.P. art. 4610 reads as follows: “An opposition may be filed at any time prior to the homologation of the partition. If no opposition has been filed, the partition may be homologated at *88 any time after ten days from the service of the rule to show cause.” After the trial court received a certificate of no opposition on the Rule to Homologate the trial court rendered the homologation in conformity with La.C.C.P. art. 4610. The appellant contends that the letter that he submitted to the notary which raised his objections to the inventory constitute an opposition as contemplated by La.C.C.P. art. 4610. Therefore, the appellant contends, the ho-mologation was rendered over his opposition which was never considered by the court.
This argument is without merit. La.C. C.P. art. 4610 contemplates the opposition to be filed in the form of a formal pleading. This fact becomes clear after reading La.C. C.P. art. 4608.[1] Clearly, La.C.C.P. art. 4608 contemplates a formal opposition to a Rule for Homologation which may include whatever informal objections that were previously submitted to the partitioning notary. In this case, the appellant lodged his complaint with the partitioning notary pursuant to the first sentence of La.C.C.P. art. 4608, but he failed to file his formal opposition pursuant to La.C.C.P. art. 4610. The trial court properly homologated the partition after receiving a certified assurance that there was no filed opposition to the homologation. The homologation was properly reinstated in the judgment that was appealed in this case.
Finally, the plaintiff-appellant contends that the notice requirements,, visa-vis the rule to homologate, were not complied with. Sidney Landry, Jr. was served with an original rule to homologate on November 23, 1982. Trial of this rule was scheduled for December 6, 1982, but was later continued to January 31,1983. Meanwhile, on December 10, 1982, Charles Landry filed an amended petition for homolo-gation and a second notice of trial was served on Sidney Landry, Jr. on January 4, 1983. The record reveals that the amended petition was attached to this second citation served on January 4, 1983. Therefore, all notice requirements were complied with and the homologation was effected in conformity with the law. La.C.C.P. art. 4603, 1201, 1231, 1312. The plaintiff-appellant’s contention is without merit. The trial court’s reinstatement of the homologation was correct and the trial court was within its discretion in awarding Charles Landry ' attorney’s fees in the sum of $600.00.
Finally, Charles Landry, in his brief, asks for damages caused by this frivolous appeal. Appeals are favored in the law therefore penalties will not be assessed unless clearly due. Jackson v. East Baton Rouge School Board, 348 So.2d 739 (La.App. 1st Cir.1977). The trial court awarded attorney’s fees to Charles Landry because it specifically found that Sidney Landry, Jr. filed frivolous Rules in attempts to delay the resolution of this matter. This appeal constitutes a continuation of these attempts to delay the resolution of this matter. Therefore, the penalties requested by the appellee are clearly due. In accordance with these findings we hold that this appeal is frivolous. Pursuant to La.C.C.P. art. 2164 which authorizes the assessment of penalties against a party filing a frivolous appeal, we award $1,250.00 to Charles Landry.
For the foregoing reasons the judgment of the trial court is affirmed. Plaintiff-appellant is assessed the costs of this appeal.
AFFIRMED.

. Art. 4608. Controversy before notary effecting partition
If there should be any controversy between the parties in the course of the proceedings before the notary effecting the partition, he shall record the objections and declarations of the parties in his proces verbal. Unless otherwise ordered by the court, such objections shall not suspend the proceedings before the notary, but any party may present his objections to the court in his opposition to the homologation of the partition.