CHASEZ, Judge.
On January 15, 1970 the Civil Sheriff for the Parish of Orleans held a judicial *278 sale of real estate located at municipal number 2657 Touro Street, New Orleans, Louisiana. The sale was held as a result of a foreclosure having been brought by executory process by Causeway Mortgage Company, Inc., the mortgagee of this property, against Evelyn Dordain Howard, Joseph Howard, Oscar Joseph Howard and Chris Howard, the property owners and mortgagors.
There is no question but that the foreclosure and sheriff’s sale were conducted in perfect legal order. The problem arises because of a custom used by the Sheriff’s office whereby a picture of the property proposed for public sale would be attached to the legal description of the property. This procedure was done as a courtesy and convenience and not in compliance with any ordinance or law.
In the case at bar, the wrong picture was attached to the legal description. At the auction, only three parties bid on the real estate; a representative of the foreclosing creditor; Mr. Nathan Phillips, the subsequent adjudicatee of the property, and an unidentified third person. Mr. Phillips testified that he bid on the property solely on the reliance of the photograph and never saw the property before he bought it. He only learned of the mistake later that same day on visiting the site of the property. It was then that he learned that the improvements on the property was not the well kept, freshly painted, fenced in home he saw in the photograph shown at the sheriff’s sale, but was a dilapidated, tar-paper covered, shotgun type shack.
The adjudicatee, Nathan Phillips, refused to take title to the property because it did not contain the improvements upon which he made his successful bid. He filed a motion to set aside and nullify the adjudication on the basis of material error, estoppel and misrepresentation. His motion was sustained, the adjudication was set aside. The foreclosing creditor has appealed from that judgment.
Plaintiff argues to this court that it followed the law relating to foreclosure by executory process to the letter, that it did not post the picture alongside the property description and that it should therefore not suffer the loss. It further argues that Mr. Phillips, in buying property at public auction without first having inspected the site, was, to say the least, not exercising sound business judgment and he should not be allowed to have the sale rescinded.
There is some evidence to the effect that Causeway Mortgage knew or should have known that the picture shown was not of the premises sold. Mr. Jacob L. Karno attended the sale as attorney for Causeway Mortgage Co., Inc. and actually bid on the property. Mr. Karno was the attorney who filed the petition for executory process. The petition shows that Mr. Karno was the Notary Public before whom the Act of Mortgage was passed which secured the original loan. It may reasonably be deduced that Causeway Mortgage Company, Inc. examined the property at the time of making the loan and thus would have knowledge of the type of house and improvements situated on the lot.
Even assuming complete innocence on the part of Causeway Mortgage Company, Inc., we nevertheless feel that this adjudication should be rescinded. There can be no doubt but that when one of two innocent persons must suffer by the act of a third person, the loss must fall upon the one of them who has furnished the third person with the means of doing the injury. National Acceptance Co. of America v. Wallace, La.App., 194 So.2d 194 (2nd Cir.1967); Baton Rouge Lumber Company v. Gurney, La.App., 173 So.2d 251 (1st Cir.1965).
Causeway Mortgage Company, Inc., even without actual knowledge of the improvements on the property sold was in a better position to discover the error than was Nathan Phillips who had absolutely no knowledge of it at all. We cannot hold against Mr. Phillips the fact that he *279 bought the property without first inspecting it. Under the circumstances (that it was a sheriff’s sale, Mr. Phillips had bought property before at such sales and was aware of the photograph custom) we think he was entitled to rely on the photograph as a basis for purchasing the property-
For the assigned reasons, the judgment of the lower court in favor of Nathan Phillips, making the rule taken absolute, vacating, annulling and setting aside the adjudication at public sale at the cost of Causeway Mortgage Company, Inc., is affirmed.
Affirmed.