336 So.2d 59 (1976)
Johnnie A. JONES
v.
The STATE of Louisiana et al.
No. 11041.
Court of Appeal of Louisiana, First Circuit.
July 27, 1976.
Writ Refused July 29, 1976.
*60 Adair G. Jones, Baton Rouge, for appellant.
Carmack M. Blackmon, Asst. Atty. Gen., for State of La., Governor Edwards, Secretary of State Paul Hardy, President of the Senate Michael O'Keefe, and Speaker of the House E. L. Henry, Winston G. DeCuir, Baton Rouge (with Mr. Blackmon representing all of the above).
Fred A. Kroenke and Theodore L. Jones, Baton Rouge, for Democratic State Central Committee and 19th Judicial District Committee (Bankston and Goodwin).
Before COVINGTON, LOTTINGER, CHIASSON, EDWARDS and PONDER, JJ.
PER CURIAM.
This is an appeal from the judgment of the Trial Court recalling, vacating, and setting aside the rule nisi previously issued by it for a preliminary injunction and dismissing appellant's suit at his costs.
Defendants-Appellees are:
Honorable EDWIN W. EDWARDS, in his official capacity as Governor of the State of Louisiana;
Honorable PAUL J. HARDY, in his official capacity as Secretary of the State of Louisiana;
Honorable MICHAEL H. O'KEEFE, in his official capacity as President of the Senate of the State of Louisiana;
Honorable E. L. HENRY, in his official capacity as Speaker of the House of Representatives of the State of Louisiana;
Honorable JESSE H. BANKSTON, in his official capacity as Chairman of the Democratic State Central Committee of the State of Louisiana;
*61 Honorable RANDALL GOODWIN, in his official capacity as Chairman of the Nineteenth Judicial District Democratic Committee of the State of Louisiana.
Jurisdiction of this Court on appeal is predicated on Code of Civil Procedure Article 2083, which provides that an appeal may be taken from an interlocutory judgment which may cause irreparable injury.
Plaintiff-appellant, Johnnie A. Jones, instituted these proceedings on July 13, 1976, seeking injunctive relief to enjoin the implementation of Act 46 of the Louisiana Regular Session of 1976 as respects the conducting of an election for a newly created judgeship within and for the Nineteenth Judicial District in and for the Parish of East Baton Rouge, State of Louisiana. The Trial Court issued a rule nisi and a hearing was held on July 16, 1976, at which time evidence, testimony and arguments of counsel were presented. For oral reasons assigned, later transcribed, the Trial Court rendered judgment on July 16, 1976, vacating, recalling and setting aside the rule nisi previously issued and dismissing plaintiff-appellant's suit at his cost. Judgment was signed on July 19,1976, and plaintiff-appellant perfected this appeal on July 21, 1976.
Plaintiff-appellant seeks to have Act 46 of 1976 declared unconstitutional or alternatively to have this court re-open the qualifying period to enable him to qualify as a candidate for the newly created judgeship in and for East Baton Rouge Parish.
Plaintiff-appellant's specifications of errors are:
"1. Whether a law that serves notice after its repeal upon those expected to be effected by it is invalid for want of compliance with LSA-C.C. article 4, which provides:
'As laws can not be obligatory without being known, they must be promulgated.'
and, is, therefore, unconstitutional for failure to meet due process requirements? 2. Whether Act 46, of the 1976 Regular Session of the Louisiana Legislature, which fixed the qualification period for newly-created judgeships, is unconstitutional for want of promulgation prior to the repeal of Section 16 thereof, which mandated the qualification period to commence July 2, 1976 and to end 5:00 P.M. on July 5, 1976, the 3, 4 & 5 of July all being holidays?
3. Whether effective promulgation of laws is dispense with under the provision of Article III, Section 19, of the 1974 Constitution, merely because it provides that "any bill may specify an earlier or later effective date"?"

Specification of Error No. 1.
Act 46 of 1976, was duly passed by the Legislature and signed by the appropriate officers on June 30, 1976. The Act was received by the Governor on June 30, 1976, at 2:50 P.M., and then signed by him on the same date. It was filed with the Secretary of State and recorded by him on that same day. Section 18 of Act 46 of 1976 provides:
"Section 18. This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature by the governor, as provided by Article III, Section 18 of the Constitution."
Promulgation is "The order given to cause a law to be executed, and to make it public; it differs from publication." Black's Law Dictionary, 4th Ed. p. 1380.
Under Article 4, Section 7 of the Louisiana Constitution of 1974, the Secretary of State shall "promulgate and publish all laws enacted by the legislature." (underscoring supplied)
The distinction between promulgation and publication was recognized by the drafters of the Louisiana Constitution of 1974. In the discussion of Article 3, Section 19 of the Constitution it was stated:
"MR. WILLIS
Mr. Justice Tate, don't you think that the . . . an explanation of the distinction between promulgation and publishing *62 would be edifying to understand what you are driving at?
MR. TATE[1]
Yes. Would you ask it in the form of a question because . . .
MR. WILLIS
Well, let me ask you this question. Isn't it a fact that the Secretary of State promulgates the laws?and that you are talking about publishing in the State-Times, and that there is a distinction between the two?
MR. TATE
Yes, sir. That's exactly right."
Louisiana Constitutional Convention, XXIX Proceedings (89th Day, November 18, 1973) pg. 99.
We are of the opinion that Act 46 of 1976 was promulgated on June 30, 1976, when it was received and recorded by the Secretary of State.
Having been promulgated prior to the opening of the qualification period, there is no violation of Article 4 of the Louisiana Civil Code.
Act 46 of 1976 was enacted as required by law. There was no denial of due process because there was no act contrary to law. The record reflects that no one person was given an advantage over another because information as to the creation of the new judgeship was published in local newspapers. Further, it appears that qualifying was not accomplished in a secret manner. The record indicates that prospective candidates made numerous inquiries to Mr. Randall Goodwin, Chairman of the 19th Judicial District Committee, as to the qualifying period.

Specification of Errors No. 2 and No. 3.
These specifications of errors will be treated together. Because the appellant stated in his oral argument that he considered the words "promulgation" and "publication" to be synonymous we will treat them as such in our consideration of his specification of errors even though, for reasons already stated, we do not consider them synonymous.
Article 3, Section 19 of the Louisiana Constitution of 1974 provides:
"Section 19. All laws shall take effect on the sixtieth day after final adjournment of the session in which they were enacted, and shall be published prior thereto in the official journal of the state as provided by law. However, any bill may specify an earlier or later effective date."
We are of the opinion that the delegates to the Constitutional Convention of 1973 in adopting the language in the above quoted article and section intended no substantive change from that language as found in Article 3, Section 27 of the Louisiana Constitution of 1921. Thus, in certain instances it is possible for a legislative act to be effective prior to its publication. State v. St. Romain, 292 So.2d 531 (La.1974).
This was recognized by LSA-R.S. 43:87 as amended by Act 1 of the First Extraordinary Session of 1975, enacted following the adoption of the Constitution of 1974, which provides in part:
"The state printer of the Official Journal of the State shall print in full in the official Journal of the State all laws and joint resolutions to the legislature. All acts, including joint resolutions, shall be published in the Official Journal of the State prior to the sixtieth day after final adjournment of the session in which they are enacted. Any act which contains an effective date prior to the sixtieth day after final adjournment shall be printed prior to the effective date contained therein, if possible, or, if not possible, as soon as possible after said effective date. * * *" (Emphasis supplied)
Section 16 of Act 46 of 1976 provides:
"Except as provided in Section 19 of this Act, the qualification period for the *63 judges to fill the posts created herein shall commence on July 2, 1976, and shall end at 5:00 P.M. on July 5, 1976."
In this instance the Act became effective upon signature of the governor and promulgation by the Secretary of State.
In oral argument before this Court the appellant contended that there was an abuse of discretion in fixing the qualification time. Considering that the Legislature, in creating this new judgeship, called for the election to be held concurrently with the congressional election, and further considering that this act was finally passed by the Legislature on June 30,1976, and signed by the governor on that date, we do not believe that there was any abuse of discretion in fixing a qualifying period to commence July 2,1976 and end at 5:00 P.M. on July 5, 1976.
In the Trial Court, plaintiff-appellant argued that Act 46 of the 1976 Regular Session was a "local or special" law and thus violative of Art. 3, Section 13, Louisiana Constitution (1974) for failure to publish the intention to introduce this legislation. Inasmuch as appellant has neither briefed nor argued orally this point before this Court, we consider it abandoned.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Albert Tate, Jr., Associate Justice of the Louisiana Supreme Court, then and now.