LANDRY, Judge.
Plaintiffs (Appellants) appeal from judgment granting defendant’s motion for partial summary judgment and dismissing that part of plaintiffs’ demands for attorney’s fees and damages for mental pain and anguish for alleged breach by defendant of a contract to erect a residence intended for Appellants’ personal use. We affirm.
On appeal, Appellants have not mentioned their claim for attorney’s fees either in brief or oral argument. Under the circumstances this facet of the appeal must be deemed abandoned. Jones v. State, 336 So.2d 59 (La.App. 1st Cir. 1976).
The sole issue presented is whether damages may be recovered as a matter of law for mental pain, anguish and anxiety resulting from breach of a contract to build one’s personal residence.
It is conceded that if Appellants are to recover such damages, herein they must do so pursuant to LSA-C.C. 1934(3) which provides, in pertinent part:
“Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; * * * ”
In the recent case of Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), an action in which damages were sought for mental pain and anguish resulting from failure to timely repair an automobile, the Supreme Court interpreted Article 1934(3), above, as follows:
“Thus, we would interpret Article 1934(3) as follows: Where an object, or the exclusive object, of a contract, is physical gratification (or anything other than intellectual gratification) nonpecuni-ary damages as a consequence of nonful-fillment of that object are not recoverable.
On the other hand, where a principal or exclusive object of a contract is intellectual enjoyment, nonpecuniary damages resulting from the nonfulfillment of that intellectual object are recoverable. Damages in this event are recoverable for the loss of such intellectual enjoyment as well as for mental distress, aggravation, and inconvenience resulting from such loss, or denial of intellectual enjoyment.”
Appellants contend the instant case is distinguishable from Meador, supra, in that they contracted for a home which they painstakingly planned in conjunction with their architect, which residence was constructed in an exclusive subdivision, which was designed to satisfy Appellants’ lifestyle and from which Appellants expected to derive intellectual gratification and enjoyment. It is urged that there is a difference between a contract to repair an automobile and one to construct an expensive, uniquely planned residence in an exclusive residential subdivision.
As pointed out in Meador, supra, our jurisprudence has established a liberal interpretation of Article 1934(3) as evidenced in Jack v. Henry, 128 So.2d 62 (La.App. 1st Cir. 1961), which held that recovery of damages.is allowed even where the object of the contract is purely physical gratification, and also as held in Holland v. St. Paul Mercury Insurance Co., 135 So.2d 145 (La.App. 1st Cir. 1961), Meyer v. Succession of McClellan, 30 So.2d 788 (La.App.Orl.1947), and Melson v. Woodruff, 23 So.2d 364 (La.App. 1st Cir. 1945), which allowed such recovery for breach of contracts involving elements of both, intellectual and physical gratification.
*1158 The Court in Meador, supra, noted, however, a line of authority favoring a strict interpretation of Article 1934(3), above, which allows recovery in cases of this nature only when the object of the contract is exclusively intellectual enjoyment. Included in this category are Rigaud v. Orkin Exterminating Co., 236 So.2d 916 (La.App. 3d Cir. 1970), Baker v. Stamps, 82 So.2d 858 (La.App.Orl.1955), Lillis v. Anderson, 21 So.2d 389 (La.App.Orl.1945), and Sahuc v. United States Fidelity and Guar. Co., 320 F.2d 18 (5th Cir. 1963).
After noting the foregoing, the Court in Meador, supra, then observed that none of the foregoing authorities considered the origin and historical source of Article 1934(3), above, which had no counterpart in either the Code Napoleon or the Louisiana Civil Code of 1808, and which first appeared as Article 1928 in the Louisiana Civil Code of 1825. Paragraph 3 of Article 1934, above, appeared as Article 1928 in our 1825 Civil Code in both French and English versions, each of which are official texts, the French version of which properly translates, in part, as follows:
“When the contract has for its object to confer to someone a purely intellectual enjoyment, such as those pertaining to religion, morality, taste, convenience or other gratifications of this sort, . . .”
Meador, supra, also found that the English version of Article 1928 was mistranslated to read:
“Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality, or taste, or some convenience or other legal gratification, . . . ”
which mistranslation was copied verbatim into our Civil Code of 1870 as part of Article 1934(3).
Considering the French source persuasive if not controlling, Meador, supra, concluded that the source article does not admit of recovery where the sole object of the contract is physical gratification but that it did not intend to bar such recovery in all cases having physical gratification as an object. So finding, Meador, held there can be no recovery “[wjhere an object, or the exclusive object, of a contract, is physical gratification (or anything other than intellectual gratification),” but “. . . where a principal or exclusive object of a contract is intellectual enjoyment, nonpecuniary damages resulting from the nonfulfillment of that intellectual object are recoverable.”
Applying the foregoing principles, the Court in Meador disallowed recovery by plaintiff upon finding that the principal object of the contract at issue, as made known to defendant, was the repair of plaintiff’s automobile with its consequent utility or physical gratification, and that the procuring of intellectual enjoyment therefrom was an incidental or inferred contemplation of the parties and not a principal object of the agreement.
The majority of the Court in Meador concluded by noting that our law allows recovery in tort actions for mental distress occasioned by tort and that the better rule should perhaps allow similar recovery in contract cases, but that the responsibility for the distinction rests with the legislature and the function of the court is merely to interpret laws as written. A dissent by Justice Dixon holds that Article 1934(1) allows recovery of such damages in cases involving breach of contract.
Irrespective of our views in Jack v. Henry, supra, it appears the Supreme Court has laid the issue to rest in Meador, supra. Applying the rationale of Meador, supra, we find that although Appellants’ home might be expensive, unique, and constructed with great preparation and planning, we conclude the principal object of the contract was the utility, gratification and satisfaction of Appellants’ physical need for shelter and a place in which to live. With this basic need in mind, we conclude that the cost of the residence is not the determining factor. A house costing much less is just as important to its owner as Appellants’ expensive, exclusive residence is to Appellants. In either instance, the motivating factor of paramount importance is the procurement of an abode. Such intellectual, as *1159 distinguished from physical, enjoyment that one derives in such instances is purely incidental.
■ Finding that intellectual gratification was not a principal object of the contract, Appellants may not recover for mental distress occasioned by its nonfulfillment.
The judgment is affirmed at Appellants’ cost.
Affirmed.