376 So.2d 1282 (1979)
Mary KEES, Plaintiff-Appellant,
v.
Frances MICHAEL, Defendant-Appellee.
No. 13930.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1979.
*1283 Guerriero & Placke by Allan L. Placke, Monroe, for plaintiff-appellant.
Wright & Wright by Patrick H. Wright, Jr., Monroe, for defendant-appellee.
Before HALL, JONES and HEARD, JJ.
HALL, Judge.
The district court granted defendant's motion for summary judgment and dismissed plaintiff's suit to set aside a judicial sale of real estate held pursuant to a judgment ordering the sale of the property to effect a partition by licitation. Plaintiff appeals.
The sole ground urged on appeal for setting the sale aside is the failure of the sheriff to give plaintiff's counsel notice of the sale date, as requested by plaintiff's counsel and in accordance with the sheriff's customary practice, which resulted in plaintiff not being present or represented at the sale.
The undisputed material facts established by the record are as follows. In a partition suit brought by plaintiff, Mary Kees, against defendant, Frances Michael, judgment was rendered ordering a partition by licitation and ordering the sheriff of Morehouse Parish to sell the property at public auction. Judgment was signed April 18, 1978 and was filed April 24, 1978. On April 25, plaintiff's counsel wrote the sheriff asking that he be advised of the sale date. A writ of sale was issued by the clerk of court on April 26. The sale was set for June 7 and advertisements were published in the parish journal on May 1 and June 5. The sale was held June 7 and the property was sold to the defendant, the highest bidder, for $1,000. No notice of the sale date was given by the sheriff to plaintiff's counsel. It was the custom of the sheriff to give counsel for the parties notice of the dates of judicial sales. Counsel for plaintiff did not learn of the sale until a few days after it was held and this suit to set aside the sale was filed on June 15. The value of the property was alleged by plaintiff in the partition suit, and admitted by defendant, to be $14,000.
Plaintiff-appellant does not contend that the sale was conducted other than in compliance with all requirements of law, nor does plaintiff contend that any statutory law requires notice be given by the sheriff to the parties or their counsel. Appellant contends she was entitled to rely on the written request for notice and the custom of the sheriff to give notice. She contends she is entitled to have the sale set aside because of the failure of the sheriff to give her notice of the sale date, which resulted in her not being present at the sale to bid on the property and in the property being purchased by the defendant for a grossly inadequate price. The only authority cited by appellant is LSA-C.C. Art. 21 which authorizes the court to apply equitable principles in the absence of positive law and the case of Causeway Mortgage Co. v. Howard, 247 So.2d 277 (La.App. 4th Cir. 1971).
Defendant-appellee contends, on the other hand, that all requirements of the law *1284 were complied with in the conduct of the sale, and that no notice other than the legal advertisements, which were published, is required by law. See LSA-C.C.P. Art. 4607, Arts. 2331, et seq., LSA-R.S. 13:4341, et seq.; and LSA-R.S. 43:201-210. Appellee argues that the failure of the sheriff to give plaintiff's counsel notice of the sale date, not being required by law, is not ground for setting the sale aside.
In Causeway Mortgage, the court set aside a judicial sale where a third party purchaser relied on a photograph of the property, attached to the description of the property by the sheriff, in bidding on the property. It was established that the sheriff customarily attached a photograph of the property to the description but that the photograph in this instance was of an entirely different property and misled the purchaser as to the nature of the property being purchased.
The Causeway Mortgage case is distinguishable from the instant case in at least two respects. There, the party seeking to set the sale aside was an innocent third party purchaser and was not a party to the proceeding. Also, the purchaser was misled, albeit unintentionally, by the sheriff, and the foreclosing party was in a better position than the purchaser to know of the error. Here it was incumbent on the plaintiff who brought the partition suit and obtained the judgment ordering the sale to stay informed as to the date of sale and to take such steps as she deemed warranted to protect herself at the sale. Plaintiff, as a matter of law, was not entitled to rely on the request to the sheriff and on the sheriff's customary practice of giving notice of the date of a judicial sale.
This court would not be justified in applying LSA-C.C. Art. 21 because there is positive law regulating the conduct of judicial sales, which law was admittedly complied with in this case.
In Accardo v. Dimiceli, 226 La. 435, 76 So.2d 521 (1954), a suit to set aside a partition judgment and judicial sale held pursuant to the judgment, the court held that the failure of the auctioneer to notify plaintiff's counsel of the time and place of sale did not constitute an improper practice or make the judgment and sale so unconscionable as to warrant their annulment. This holding applies to the instant case.
The judgment of the district court is affirmed at the cost of plaintiff-appellant.
Affirmed.