430 So.2d 269 (1983)
Robert TUTTLE
v.
Ruth Walker, wife of Robert TUTTLE.
No. 82-CA-212.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1983.
Rehearing Denied May 18, 1983.
*270 Robert J. Stamps, New Orleans, for Ruth Walker Tuttle, appellee.
George H. Jones, New Orleans, for Robert Tuttle, appellee.
Harry A. Burglass, Metairie, for Pauline Kavanaugh, appellant.
Before CHEHARDY, CURRAULT and GRISBAUM, JJ.
CHEHARDY, Judge.
The issue on this appeal is whether the co-owners of property sold at a judicial sale, under an order for partition by licitation, may annul the sale because the last and highest bid was far below the appraised value of the property.
Following rendition of a judgment of separation from bed and board, Robert Tuttle petitioned for settlement of the community existing between him and his wife, Ruth Tuttle. The community property consisted of two lots, each containing a house, miscellaneous furniture located within each house, and some cemetery plots. The court appointed a notary and two appraisers to inventory the property. The final proces-verbal of the inventory listed the gross value of the property as $124,473, less a mortgage balance of $10,574.91.
*271 On October 2, 1981, the court rendered judgment ordering partition by licitation, finding that "the parties cannot agree relative to amicable settlement of partition of the community." That judgment placed no conditions on the public auction of the property, other than that it be "seized and sold at public auction by the Sheriff of this Parish after the advertisements required by law to effect their partition by licitation." Neither of the Tuttles requested the trial judge to place a minimum price on the sale, and neither of them sought a new trial or appealed the judgment.
At some time thereafter the property was sold at public auction to Pauline Kavanaugh for $14,000. (According to the Tuttles' pleadings, this sale occurred on February 3, 1982; however, there is neither a sheriff's proces-verbal nor a sheriff's act of sale in the record.)
On March 3, 1982, Ruth Tuttle filed a petition to annul the public sale and/or an objection to homologation of the public sale. She also obtained a temporary restraining order preventing any transfer of the property. In her petition, she alleged that a public auction of the property took place on February 3, 1980.[1] She further alleged the property was sold for $14,000 to Pauline Kavanaugh and that the proces-verbal was passed on February 22, 1982. Mrs. Tuttle averred the sale was null because it was in violation of LSA-C.C.P. arts. 2331 et seq., in that it was sold without appraisal and for less than two-thirds of its appraised value.[2] She also alleged lesion and lesion beyond moiety.
On April 14, 1982, Robert Tuttle also filed a petition to annul the sale, substantially duplicating Ruth Tuttle's allegations.
Pauline Kavanaugh filed exceptions of no cause of action and no right of action. She contended, first, that the law does not require partition sales to reach two-thirds of the property's appraised value; secondly, that lesion is inapplicable to judicial sales. She also filed an "exception of estoppel," contending the Tuttles are estopped to complain about the amount bid at the judicial auction because they failed, when obtaining the judgment ordering partition by licitation, to seek to have the court set any conditions other than that the property be sold according to law.
Kavanaugh also filed an answer and reconventional demand in which she sought damages for inability to occupy, enjoy and rent the properties. In addition, she sought the expenses she had incurred for insurance on the property, interest on the cost of the judicial sale, and attorney's fees, in the event the sale to her was annulled.
On June 14, 1982 the exceptions as well as the merits were tried. The parties presented no evidence, only argument of counsel. Counsel did stipulate (1) the property had been sold for the last and highest bid to Pauline Kavanaugh for $14,000; and (2) the sale was pursuant to a court order that simply requested the sheriff to sell the property and did not request it be sold subject to appraisal.
On July 1, 1982 the trial judge rendered judgment annulling and setting aside the judicial sale. He ordered the property to be readvertised and sold at public auction with a minimum bid beginning at two-thirds the appraised values contained in the inventory. He overruled Kavanaugh's exceptions, but made no mention of her reconventional demand (thus, in effect, dismissing it).[3]
Pauline Kavanaugh has taken a suspensive appeal. In her brief to this court, she raises the same arguments against the annulment of the sale as she raised in the *272 trial court. Ruth Tuttle and Robert Tuttle, in their briefs, contend the trial court was correct "in its finding that the judicial sale without minimum bids on the first call was contrary to law and equity and that [this court] should affirm the judgment of the 24th Judicial District Court annulling and avoiding the sale."[4]
The trial judge gave no written reasons for judgment. His comments in the transcript, however, indicate he annulled the sale because his prior judgment had failed to require that the property be sold with appraisement or to accept the inventory made by the notary as the appraised value.
This was error. The law does not require that property sold to effect a partition by licitation either be sold with appraisement or that it be sold subject to minimum bids.
"* * * The Code of Civil Procedure recognizes the distinction between the types of judicial sales described in the Louisiana Civil Code and prescribes different procedural rules for each of them.
* * * * * *
"Articles 2331 [et seq.] * * * of the Code of Civil Procedure are located in Title 2 of Book 4 under `Execution of Money Judgments.' These articles speak only of judicial sales under writs of fieri facias:
* * * * * *
"Article 4607 * * * is located in Title 9 of Book 7 under `Partition Between Coowners.' This article addresses itself solely to partitions, and makes applicable to partition sales only the rule with respect to advertisements required for judicial sales under execution. No party argues that the Sheriff failed to duly advertise the sale `in the manner provided by law.' See La.R.S. 43:201-210. * * * Had the Legislature intended to make all of the provisions of Articles 2331 [et seq.] * * * applicable to partition sales, it could easily have done so by making express provisions therefor." Gauthreaux v. Gauthreaux, 377 So.2d 567, 569-570 (La.App.3d Cir.1979).
It is apparent from the arguments presented both in the district court and on appeal that the Tuttles are attempting to use their petition to annul the sale as a collateral attack on the judgment of partition. It is true there is case law as well as statutory law which allows the trial judge to regulate partitions of community property so as to be most advantageous and convenient to the parties. See Tri-State Concrete Co. v. Stephens, 406 So.2d 205 (La. 1981); LSA-C.C. art. 2369.1, now replaced by LSA-R.S. 9:2801. It is moot as to this partition, however, because the judgment ordering the partition by licitation is now final.
A judgment is a fiat of a court settling the rights of the parties, and however unjust, erroneous, or illegal the judgment may be, the parties can only claim under it that which, by its terms, the judgment awards. A judgment is final as to a party taking no appeal. Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865 (La.1962), and cases cited therein.
Thus, Mrs. Tuttle's arguments to this court concerning the trial court's power to set a minimum bid for a sale to partition by licitation, and the law's preference for partition in kind rather than by licitation, are moot. Although a final judgment may be amended at any time to correct an error of calculation or to alter the phraseology, to change the substance a party must either seek a new trial or take an appeal. LSA-C. C.P. arts. 1951; 1971 et seq.; 2082 et seq. The Tuttles failed to do either of these *273 things, and thus the judgment of October 2, 1981 became final as rendered. See Allen v. Commercial National Bank in Shreveport, supra.
The Tuttles' only recourse thereafter with respect to the judgment ordering the sale would be to have that judgment annulled. Even if we were to interpret their petitions to annul the sale as instead petitions to annul the judgment, however, they have failed to establish any of the grounds provided by law for annulment of judgments.
LSA-C.C.P. arts. 2002 et seq. provide that judgments may be annulled for vices of form (not applicable here), or for vices of substance. The only vices of substance that are grounds for annulment are fraud and ill practices. Mrs. Tuttle's petition to annul the sale alleged Pauline Kavanaugh was a "party interposed" for Robert Tuttle. If proven, this might be construed to constitute an ill practice; however, no evidence was ever presented on this point. Accordingly, no basis to annul the judgment has been shown.
The only remedy remaining to the Tuttles, then, was to have the judicial sale itself annulled, for failure to comply with the formalities required by law. They sought to do so through their allegations of lesion and of failure to reach the minimum bid required by C.C.P. art. 2331.
As stated above, however, C.C.P. art. 2331 applies only to sales under executory process. It is well-settled that in partition sales the validity of the adjudication (that is, the sale) does not depend upon a proportion to the appraisement. The property can be legally adjudicated regardless of the value placed on it, even when minors are co-owners. See Bayhi v. Bayhi, 35 La. Ann. 527 (1883); Kelly v. Kelleher, 186 La. 51, 171 So. 569 (La.1936); Hollingsworth v. Caldwell, 195 La. 30, 196 So. 10 (La.1940); Kees v. Michael, 376 So.2d 1282 (La.App.2d Cir.1979). The law requires only that the property be sold to the last and highest bidder. LSA-C.C. arts. 2601, 2607; LSA-R.S. 5:17. The judge who orders the judicial sale may place conditions on that sale (such as a minimum bid price), but it is not mandatory he do so. Had the Tuttles desired the judge to place a minimum price on the sale offering, they should have requested it by motion for new trial or by suspensive appeal of the judgment ordering the public sale.
Further, it is clear the sale cannot be attacked on the basis of lesion. LSA-C.C. arts. 1869 and 2594 expressly state that lesion and lesion beyond moiety are not applicable to judicial sales.
The Tuttles have alleged no other irregularities in the sale, nor that the formalities required by law were not complied with. A judicial sale apparently valid on its face is presumed to have been conducted in accordance with law, and he who asserts the contrary bears the burden of so proving. Associates Discount Corporation v. Bankston, 246 So.2d 335 (La.App. 1st Cir.1971), writ denied, 258 La. 765, 247 So.2d 864.
We agree this situation is most inequitable. The price for which the property was sold, $14,000, was barely sufficient to pay off the mortgage, the notary's fee and the appraisers' fees. There is nothing left for the parties to divide. Out of a community appraised at a net value in excess of $114,000, the Tuttles will receive nothing.
Unfortunately, however, this court may not decide a case on the basis of equity unless the positive law is silent. LSA-C.C. art. 21. Partition sales are governed by express law, which the courts must follow in deciding cases dealing with partition sales. Hollingsworth v. Caldwell, supra; Wetherbee v. Lodwick Lumber Co., 194 La. 352, 193 So. 671 (La.1939); Kees v. Michael, supra. The courts have frequently been forced to uphold partition sales in which the price bid was greatly disproportionate to the appraised value. See, for example, Hollingsworth v. Caldwell, supra; Kees v. Michael, supra.
It is true that under LSA-C.C. art. 2164 this court has the authority to render any judgment which is just, legal and proper upon the record on appeal. The record *274 before us, however, provides no apparent basis on which we could annul the sale. The Tuttles have not alleged any applicable basis for annulling the sale, as discussed above. We are forced, therefore, reluctantly to uphold the sale.
Accordingly, the judgment of the district court is reversed. The case is remanded to the district court for further proceedings consistent with this opinion. Each party is to pay his or her own costs.
REVERSED AND REMANDED.
NOTES
[1] This clearly is a typographical error. She must have meant February 3, 1982, because the judgment ordering the sale was not rendered until October of 1981.
[2] Specifically, C.C.P. art. 2331 provides for notice of sale by publication; art. 2332 requires the property be appraised according to law; art. 2336 states the minimum price bid at the first offering must be at least two-thirds of the appraised value, or else the property must be readvertised and then presented for sale at a second offering for whatever it will bring.
[3] The judge also made absolute a rule to pay the notary's fee and the appraisers' fees, which is not at issue on this appeal.
[4] Ruth Tuttle indicated in her brief that she and Kavanaugh reached a settlement after she sued to annul the sale. By supplemental brief, Kavanaugh denies this, stating the settlement was tentative and never reduced to writing. There is nothing in the record to indicate there was any settlement, and therefore Mrs. Tuttle's allegation does not affect the merits of the appeal.

We also note that Kavanaugh has not raised on appeal the trial court's dismissal of her reconventional demand. Accordingly, we considered that claim abandoned. See Lusher v. Kilcrease, 384 So.2d 589 (La.App. 4th Cir. 1980); Jones v. State, 336 So.2d 59 (La.App. 1st Cir.1976), writ denied 336 So.2d 515.