448 So.2d 137 (1984)
STATE of Louisiana
v.
Sammy MILLER.
No. 83 KA 0756.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Writ Denied May 4, 1984.
*138 William M. Quin, Asst. Dist. Atty., Amite, for plaintiff-appellee, State of La.
Harry Widmann, Hammond, for defendant-appellant, Sammy Miller.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Defendant, Sammy Miller, was charged by grand jury indictment with first degree murder in violation of LSA-R.S. 14:30. This charge was reduced by the district attorney immediately prior to trial to second degree murder in violation of LSA-R.S. 14:30.1. After pleading not guilty, defendant waived trial by jury, was tried by a judge alone and found guilty as charged. Defendant received the mandatory sentence of life imprisonment at hard labor without the benefit of probation, parole or suspension of sentence. He now appeals his conviction and sentence, alleging six assignments of error.
ASSIGNMENTS OF ERROR:
1. The trial court erred when it denied defendant's motion to suppress the confession.
*139 2. Defendant's conviction was defective in that the district attorney amended the bill of indictment from first degree murder to second degree murder although a prosecution for second degree murder may only be instituted pursuant to a grand jury indictment.
3. The trial court erred when it permitted the state to amend the bill of indictment on the morning of defendant's trial thus denying defendant the opportunity to prepare for his defense.
4. The state failed to establish the corpus delicti of felony murder outside of defendant's statement such that a trier of fact could reasonably conclude beyond a reasonable doubt that the crime charged had in fact occurred.
5. The trial court erred when it convicted defendant of second degree murder when the state failed to prove defendant's guilt beyond a reasonable doubt.
6. The trial court erred when it admitted into evidence a statement of defendant with regard to his receipt of $170 in cash from the alleged perpetrator of the homicide in question.
Around 6:30 p.m. on July 9, 1979, the body of the victim herein, Leon "Pool" McKnight, was found by his brother and his nephew lying under a pinball machine in the victim's barroom. The victim had been shot several times; there were blood stains and drops of blood over various areas of the barroom floor leading from behind the bar where drinks were dispensed to the position where the victim's body was found. The cash register of the barroom was standing open and empty. The doors to the barroom had been padlocked from the outside and had to be cut with a metal cutter in order to open the door. Several days later, the police received an anonymous tip that defendant was in Omaha, Nebraska, planning to leave on a bus the following morning. The police sought and obtained a warrant for defendant's arrest, flew to Omaha and arrested defendant who waived extradition. Defendant was returned to the local police station, read his rights and jailed.
Four days after his arrest in Omaha, defendant gave a taped statement to Louisiana police concerning the instant crime and also an armed robbery in which he and Floyd Wheat were involved. He admitted gaining entrance to the victim's barroom after it had closed for the night in the early morning of July 9, 1979, and watching his alleged co-perpetrator of the instant crime, Floyd Wheat, enter the barroom after Mr. McKnight had opened the door to let defendant in. Then, upon hearing shots, defendant immediately left the scene and ran away. He and his wife went to New Orleans, where Floyd Wheat found him the next day and gave him $170 in cash, saying he had "taken care of business". Defendant then left for Omaha where he was taken into custody by Louisiana police. This trial resulted.
ASSIGNMENT OF ERROR NO. 1:
Defendant contends that his confession should have been suppressed because it was obtained in violation of law, arguing that defendant had been in custody for four days at the time his confession was obtained but had not been brought before a magistrate during that time as required by LSA-C.Cr.P. 230.1, infra. Therefore, because defendant was allowed to languish in jail, unrepresented and uninformed of his rights, the State has not borne the burden of proving that defendant made the confession freely and voluntarily and his confession should have been suppressed.
LSA-C.Cr.P. 230.1 provides:
A. The sheriff having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest, before a judge for the purpose of appointment of counsel. Saturdays, Sundays, and legal holidays shall be excluded in computing the seventy-two hour period referred to herein.
B. At this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The court may also, in its discretion, determine *140 or review a prior determination of the amount of bail.
C. If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released forthwith.
D. The failure of the sheriff to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant.
The transcript of testimony taken at the hearing on defendant's motion to suppress the confession reveals that, in searching the records of the police department entries, no evidence was found to show that defendant had been brought before a magistrate within seventy-two hours of his arrest. For this reason, defendant was released from custody at the close of the hearing on the motion to suppress and subpoenaed to appear in court on the day of his trial. However, at the above hearing, defendant did not enter a contemporaneous objection that his confession was inadmissible because it was taken while he was held in custody in violation of LSA-C.Cr.P. 230.1 nor that defendant had been denied access to counsel. See, e.g., State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). Therefore, defendant has waived such objection. LSA-C.Cr.P. 841.
Further, defendant bases his argument on the holding in McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943), wherein the United States Supreme Court held that, where an accused was not taken before a committing authority but his confession was secured by detaining him unlawfully and questioning him continuously for five or six hours, and he was denied the substantial benefit of his counsel, his confession was inadmissible and his conviction based on the confession for second degree murder could not be allowed to stand. However, evidence in the record affirms that defendant was arrested pursuant to a valid arrest warrant, therefore, his detention was lawful; there is also evidence that, on the day following defendant's arrival at the Louisiana jail, he was visited by a member of the Public Defender's Office, was interviewed and advised of his right to be represented by counsel. Defendant signed a rights waiver form prior to making his taped statement, and the taped statement reflects that he was orally advised by the interrogating officers that he had the right to have counsel present or that he could ask for counsel at any time during the statement. Moreover, defendant was arrested on Friday, September 14, 1979; he made his taped statement on Tuesday, September 18, 1979. As September 15 was a Saturday and September 16 a Sunday, these days are not counted in determining the passage of seventy-two hours from time of arrest. LSA-C.Cr.P. 230.1, supra. It is obvious that defendant gave his taped statement prior to the expiration of the seventy-two hour requirement and no statutory violation was present.
The evidence before us is sufficient to find that defendant gave his statement freely and voluntarily and that, although defendant was not brought before a magistrate within seventy-two hours of his arrest as required by LSA-C.Cr.P. 230.1, his constitutional rights were fully protected prior to his giving the taped confession. The trial judge was correct in admitting that confession into evidence at trial.
There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 2:
Defendant contends that his conviction is defective because it is based on a prosecution initiated by the district attorney for a crime chargeable only by an indictment by the grand jury. He argues that reversible error was committed when the district attorney was allowed to amend defendant's indictment by grand jury for first degree to second degree murder, as the district attorney should have been required to resubmit the matter to the grand jury for consideration of the alternative charge.
It is true that under the law applicable to defendant herein, second degree murder is a crime punishable by life imprisonment *141 and, therefore, is a crime the prosecution of which must be instituted by grand jury indictment. LSA-C.Cr.P. art. 382; State v. Lott, 434 So.2d 1274 (La.App. 1st Cir.1983). However, it is well settled in Louisiana law that district attorneys are empowered to amend indictments to charge lesser offenses and the State may abandon the charge of the greater crime and proceed with the prosecution for the lesser crime and no formal indictment is necessary for that purpose. State v. Stewart, 389 So.2d 1321 (La.1980). Further, it has been held that following the amendment of a grand jury indictment for first degree murder to second degree murder, the defendant could not assert a lack of notice of the crime for which he was charged as amendment of the indictment to the charge of second degree did not alter the notice of the crime charged since all elements of the lesser offense were included within the greater. State v. Davis, 385 So.2d 193 (La.1980).
Defendant herein had notice of his indictment for first degree murder in ample time to prepare a defense at trial. The amendment to second degree murder on the morning of the trial did not deny to defendant the opportunity to prepare an adequate defense under the circumstances of the case before us on appeal.
Defendant further argues that the 1979 amendment to LSA-R.S. 14:30.1[1] was not effective at the time of the commission of the instant crime, contending that, as the amendment was not published prior to its stated effective date, it was not effective until the date of publication, July 14, 1979, which was five days after the commission of the instant crime. We note that the 1979 amendment to LSA-R.S. 14:30.1 was enacted as Act 74 of the Regular Session of the 1974 Louisiana Legislature and became effective upon signature of the governor; the governor signed Act 74 on June 29, 1979.
LSA-Const. Art. 3, section 19 reads:
All laws shall take effect on the sixtieth day after final adjournment of the session in which they were enacted, and shall be published prior thereto in the official journal of the state as provided by law. However, any bill may specify an earlier or later effective date.
All laws must be published before they take effect, which shall occur on the sixtieth day after final adjournment of the session in which they were enacted, unless the legislature specifies an earlier or later effective date. Reichenphader v. Allstate Ins. Co., 418 So.2d 648, 649 (La.1982). A bill may specify an earlier or later effective date, thus it is possible for a legislative act to be effective prior to its publication. Jones v. State, 336 So.2d 59 (La.App. 1st Cir.1976), writ denied, 336 So.2d 515 (La. 1976). "Promulgation" is the order given to cause a law to be executed and to make it public; it differs from publication, Id.
As Act 74 of 1979 was effective five days prior to the commission of the instant crime, it was not error to try defendant under LSA-R.S. 14:30.1 as amended by Act 74 of Regular Legislature of 1979.
We find no merit to this assignment of error.
ASSIGNMENTS OF ERROR NOS. 5 AND 6:
Defendant contends that his conviction should be reversed because the State failed to prove each and every element of the crime charged, specifically arguing that the State failed to prove the corpus delicti of felony-murder as the commission of armed *142 robbery was never established. Defendant contends that, even with defendant's statement, the State failed to establish defendant's guilt beyond a reasonable doubt as all evidence, other than defendant's statement, is circumstantial and the State failed to exclude every hypothesis of innocence.
LSA-R.S. 14:64 defines armed robbery and provides in pertinent part:
A. Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

* * * * * *
Theft is an essential element of both simple and armed robbery. State v. Johnson, 368 So.2d 719 (La.1979). LSA-R.S. 14:67 defines the crime of theft, and provides in pertinent part:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
LSA-R.S. 15:438 provides:
The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
An accused may not be legally convicted on his own uncorroborated confession without proof that the crime has been committed by someone, i.e., without proof of the corpus delicti. State v. Reed, 420 So.2d 950 (La. 1982). The corpus delicti must be proven by evidence which the jury may reasonably accept as establishing that fact beyond a reasonable doubt. State v. Willie, 410 So.2d 1019 (La.1982).
In its answer to defendant's request for Bill of Particulars, the State declared that its case in chief would prove defendant guilty of killing while engaged in the perpetration of armed robbery or simple robbery. The evidence offered by the State outside of defendant's confession for the purpose of proving that a robbery had indeed occurred was purely circumstantial; the empty cash drawer standing open in the victim's barroom at the time the victim's body was found. No evidence was offered to show that the cash drawer obtained anything of value that was the subject of a theft or armed robbery to substantiate a felony murder charge. Moreover, at trial, one of the investigating officers testified that they did not find any tangible evidence that a robbery had occurred.
Defendant contends in Error No. 6 that the statement in his confession that he received $170 in cash from his alleged co-perpetrator of the crime on the day following the crime should not have been allowed into evidence as its prejudicial effect to defendant outweighed its relevancy. However, we note that the statement was also part of defendant's confession and is uncorroborated by any further evidence or testimony that the $170 cash was any part of the victim's property and had been stolen at the time the victim was shot. Also, defendant's confession consisted of facts relative to a second armed robbery which was entirely irrelevant to the case at hand; and at the instant trial the State offered no evidence to prove that defendant's receipt of $170 cash was relative to the instant crime.
We find merit in defendant's contention that the State failed to present sufficient evidence to support the conviction under the standard as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and LSA-R.S. 15:438.
This Court of Appeal is empowered to modify the verdict at trial under the authority of LSA-C.Cr.P. art. 821 E., which provides:
If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction *143 on the lesser included responsive offense.
We find that evidence in the record supports a conviction of manslaughter which is a responsive verdict to second degree murder. Manslaughter is defined at LSA-R.S. 14:31(2)(a), which provides:
Manslaughter is:
* * * * * *
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Articles 30 or 30.1 or of any intentional misdeamnor directly affecting the person ... 
* * * * * *
There is sufficient evidence in the record such that a rational trier of fact could find that the State had proved beyond a reasonable doubt the elements of manslaughter; a killing occurred without specific intent to kill after defendant helped his co-perpetrator to force his way into the victim's barroom in an attempt to commit a felony.
Therefore, defendant's conviction of second degree murder is modified and set aside and a judgment of conviction for manslaughter is rendered herein. Defendant's sentence is vacated and the case remanded to the district court for sentencing in accordance with this opinion.
MODIFIED AND REMANDED.
NOTES
[1] LSA-R.S. 14:30.1:

§ 30.1 Second degree murder
Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.
Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.