504 So.2d 997 (1987)
PROGRESSIVE BANK AND TRUST CO.
v.
VERNON A. GUIDRY CONTRACTORS, INC., and Vernon A. Guidry.
No. 86-CA-0024.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
*998 Wayne Lebouef, Larose, for plaintiff-appellant Leroy Foret.
William Leary, Houma, for defendant-appellee Progressive Bank & Trust Co.
Huntington Downer, Jr., Houma, for defendant-appellee Lafourche Parish Sheriff's Office.
Before EDWARDS, WATKINS and LEBLANC, JJ.
EDWARDS, Judge.
This is an appeal of a trial court's refusal to set aside a sheriff's sale on the basis of error or misrepresentation. On June 12, 1985, the Lafourche Parish Sheriff sold at judicial sale properties seized in three separate lawsuits, all involving Progressive Bank and Trust Co. as plaintiff, and Vernon Guidry Contractors, Inc., as defendant. The three suits had consecutive docket numbers: 54236, 54237, and 54238.
Before the sale began, a deputy sheriff distributed to all bidders the following list.
*999 
Appellant was under the impression that all sixteen items on the list were being offered in globo. Once the adjudication was made, however, he learned that he had only bought the first thirteen items. He then sought to nullify the sale.
Judicial sales, like all other sales, are subject to nullity claims. LSA-C.C. art. 2619. To perfect a sale, the parties must agree on the thing to be sold and the price. There must be a meeting of the minds. Since the list gave no indication that the equipment listed thereon came from multiple lawsuits, and since it gave one total amount, appellant argues that the sheriff was responsible for his misunderstanding.
A comparison of the figures lends verisimilitude to appellant's claim that he believed all sixteen items were being offered. The total appraised value of all sixteen items was $32,050.00. The total appraised value of the thirteen items which appellant ultimately received was $19,850.00. Appellant's *1000 bid was $29,500.00. It is not likely that appellant intended to bid $9,650.00 above the appraised value of the property and then pay the costs of the sale.[1]
According to the sheriff, he sold the items listed in three groups: first, from suit number 54237, the 1981 Chevrolet pickup; second, from suit number 54238, the 1979 Case dozer and the 1980 Hanover equipment trailer; and third, from suit number 54237, the remaining thirteen articles.[2] When he announced the sale of the thirteen items, he did not use the word "thirteen"; he simply read all of the items off the list. He announced that bids would first be taken on each of the items individually and then in globo, and sold either singly or in globo, depending on which method attained the higher price. The sheriff testified that in each instance, he read the caption of the suit, the writ, the advertisement, and the mortgage certificate before the bidding began. The sheriff's position is that this announcement was sufficient to override any contrary suggestion from the printed list, and that appellant's mistake was the result of his own inattention. We disagree.
It is unreasonable to distribute a list at a sheriff's sale and then expect people not to rely on it. The importance of the visual must not be underestimated. In the context of an auction, where the sheriff reads the writ, the mortgage certificate, and then, as in the instant case, a long list of items, attentions are likely to falter, particularly when, as in the instant case, bidders are not always able to hear or understand clearly what is being read. By referring to a written list, bidders may better follow what the sheriff is saying, and misunderstanding is minimized. The potential for misunderstanding was increased here by the fact that the sheriff took single bids on some of the items and then in globo bids before actually making the adjudication. It would have been very simple to have made a separate sheet for each lawsuit, or the articles could have been listed on a single sheet but clearly separated with separate appraisal amount totals for each lawsuit. It is clear that there was no meeting of the minds on the thing sold, and therefore a sale was never perfected.
Viewed from another perspective, appellant was in error regarding the object of the contract. Error vitiates consent, and consequently gives grounds for nullity, "only when it concerns the cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party." LSA-C.C. art. 1949. Error as to the thing that is the object of the contract is error to a cause. LSA-C.C. art. 1950. Appellant's reason for bidding at the auction was to acquire ownership of all sixteen items on the list. See Cryer v. M & M Manufacturing Co., 273 So.2d 818, 822 (La.1972) (immediate motive of contract was to acquire ownership of thing sold). Both the sheriff's office and the bank should have known that by lumping all the items from three different lawsuits together in one list, they fostered the impression that all the items would be sold together.
A similar error was the basis for nullifying a sheriff's sale in Causeway Mortgage Co. v. Howard, 247 So.2d 277 (La.App. 4th Cir.1971). Although no law required him to do so, the sheriff had a custom of attaching a photograph of the property to the legal description, and in this case the wrong photograph was attached. The adjudicatee bought the property and then learned of the mistake later that day when he visited the property and found, not the well kept freshly painted home of the picture, but a dilapidated tar-papered shotgun shack. The mortgage company argued that it was not at fault, that it had followed the law, that it was the sheriff who had posted the picture with the property description, and that the buyer should have inspected the property site before he bought. There was some evidence that the mortgage company knew or should have known that the picture was not representative of the property offered. The court *1001 stated, however, that even assuming that the mortgage company did not know or should not have known, "[W]hen one of two innocent persons must suffer by the act of a third person, the loss must fall upon the one of them who has furnished the third person with the means of doing the injury." Causeway Mortgage Co., 247 So.2d at 278.
Although the error in Causeway Mortgage Co., may have been more egregious than the one in the instant case, the principle is the same. We note here that the bank was not without fault since it furnished the sheriff's office with the single list of all sixteen items on one page with one total. On the other hand, the sheriff could have made three separate lists or marked the bank's list so that the items were separated according to lawsuits. Nevertheless the list that was circulated at the sale caused appellant to misunderstand what was being sold when he was bidding. Thus the sheriff's sale at issue must be nullified.
A sale that has been nullified is deemed never to have existed. The parties must be restored to their pre-contract situations, but if it is impossible or impracticable to make restoration in kind, the court may make the restoration through an award of damages. LSA-C.C. art. 2033.
The property adjudicated to the appellant in this sheriff's sale consisted of machinery and equipment, all of which depreciate quickly. In an attempt to mitigate his losses, appellant sold six of the thirteen items for the sum of $12,400.00. The total appraised value for those items was $12,350.00. The amount appellant paid at the sheriff's sale, including his bid and sale costs, was $35,779.34. To put the parties back into their pre-contract positions, appellant must return the remaining equipment and receive the amount he paid at the sheriff's sale less the amount he received from the sale of the six items, that is, $23,379.34.
Accordingly it is hereby ordered that there be judgment in favor of appellant, Leroy Foret, nullifying the judicial sale herein. Leroy Foret is hereby ordered to return the remaining equipment which was adjudicated to him at the sheriff's sale. Progressive Bank and Trust Co. is hereby ordered to pay Leroy Foret $23,379.34, plus judicial interest from date of judicial demand until paid. All costs of this appeal are assessed against Progressive Bank and Trust Co.
REVERSED AND RENDERED.
NOTES
[1] Those costs amounted to approximately $6,000.00.
[2] Progressive Bank bought the items from suits numbers 54237 and 54238.