367 So.2d 1223 (1979)
Leon McGraw BALLARD, Plaintiff-Appellee,
v.
Etoyle Yvonne Sandel BALLARD, Defendant-Appellant.
No. 13751.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1979.
Rehearing Denied February 28, 1979.
*1224 Love, Rigby, Dehan, Love & McDaniel by Kenneth Rigby, Shreveport, for defendant-appellant.
L. Edwin Greer and James A. Van Hook, Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied February 28, 1979.
PRICE, Judge.
Leon McGraw Ballard filed suit against his divorced wife, Etoyle Yvonne Sandel Ballard, for a partition of community property. A notary was appointed and an inventory of community assets was filed by him showing the values assigned to each asset by the parties. Motions to traverse the inventory were filed by each party. Prior to trial defendant filed a motion requesting the trial court to require a minimum bid in the event any of the assets were ordered partitioned by licitation.
On trial of the matter plaintiff took the position that most of the assets, and particularly the corporate stock in Ballard's, Inc., should be partitioned by licitation.
The trial court, insofar as pertinent to this appeal, ordered the partition by licitation without minimum bids of the shares of stock in Ballard's, Inc., the commercial building which is leased to Ballard's, Inc., the residence, and the household furnishings and personal property.
Defendant has appealed assigning these errors:
1) In holding it lacked authority to require minimum bids in a partition by licitation.

*1225 2) In holding that the shares of stock of the corporation were not divisible in kind and should be partitioned by licitation.
3) In holding that the household furnishings and fixtures were not divisible in kind and must be sold to partition.
Plaintiff has answered the appeal asking for damages for frivolous appeal.
We reverse the judgment insofar as it orders the corporate stock be partitioned by licitation, and otherwise affirm.
We shall discuss the issues in the order presented in defendant's assignments of error.
Defendant first contends the trial court was in error in holding it did not have authority to fix minimum bid amounts for the properties ordered partitioned by public sale. Defendant argues that the evidence shows she does not have equal financial ability to compete with plaintiff in bidding on their commonly owned properties, and in the absence of third parties offering bids, plaintiff could buy in the properties at a fraction of market value, thus causing her substantial loss. We do not find it necessary to rule on the authority of the court to direct minimum bids because there has not been sufficient evidence presented on which the trial court could have determined the value of the properties in order to fix minimum bids. This request of the court was made by defendant in a motion prior to trial, but no evidence was offered to establish the market value of the various properties. The values shown by the inventory were merely the estimates of value given to the notary by either party. The parties have already been through extensive litigation in the trial court, and it would not be in their best interest to delay final resolution by remanding for the taking of further evidence on this issue.
The second and primary question on this appeal is whether the trial court was correct in ordering the shares of stock in Ballard's, Inc., partitioned by licitation. It is conceded that the stock is susceptible to division in kind and that partitions in kind are favored by law under La.C.C.P. Art. 4606. Plaintiff contended at trial that if the stock is divided equally between himself and defendant it would no longer have the per share market value as compared to the value per share if 100 percent of the stock is exposed to sale to a single buyer. In support of this position plaintiff offered the testimony of two bank officials, a certified public accountant, and a business man who has bought and sold interests in several closely held corporations. These witnesses testified that if the stock of Ballard's, Inc., is divided 50 percent to either party, then the sum total of the two parcels of stock would be less than the present value of all or 100 percent of the stock. The principal reason for this conclusion is the lack of control in the management of such a corporation where the stock is owned on a fifty-fifty basis.
The trial court also permitted the introduction into evidence of the record in a companion suit between these parties in which each sought injunctive relief against the other regarding the operation of the corporation. An opinion on the appeal in that action has been handed down on this date in 367 So.2d 1220. After hearing the testimony of plaintiff's expert witnesses, and in view of the friction shown between the parties as co-owners of stock in the companion litigation, the trial judge concluded a partition in kind of the stock in Ballard's, Inc., would result in a diminution in value of the stock and a loss and inconvenience to the parties. For this reason, under the authority of La.C.C. Arts. 1290,[1] *1226 1339,[2] and 1340,[3] the court ordered partition of the stock by licitation.
Under the circumstances shown we find the trial court erred in ordering the corporate stock in question sold by licitation. The evidence offered by plaintiff to show a diminution in value, if divided equally, is not sufficient to overcome the apparent detriment which could result to defendant by public sale because of an unequal bidding power and the strong policy of the law favoring a division in kind when the nature of the property permits. While plaintiff's witnesses have established that as a general rule 100 percent of the stock of a close corporation owned by one person has a greater value than the same stock owned 50 percent each by two persons, this testimony is not convincing that both parties in this instance will realize a greater benefit from public sale of the stock. Plaintiff's witness, Will H. Jackson, a Shreveport banker, admitted in his testimony that there is really no market for the stock of a close corporation such as here involved. It would therefore be reasonable to assume that only the parties or their representatives would appear at public auction to bid on the stock to the extent of their respective abilities to protect their interests. In such a circumstance the evidence shows defendant would be at a serious disadvantage. Unequal bidding power of the parties is an important consideration in determining whether there has been a showing made that partition by licitation is necessary to prevent a diminution in value. See National Amer. Bank of New Orleans v. Cleveland, 273 So.2d 848 (La.App. 4th Cir. 1973), writ denied 276 So.2d 701 (La.1973).
We recognize that a partition in kind of the corporate stock will in a practical sense leave the parties in substantially the same situation as now exists. However, it will afford them the rights and remedies offered by the Business Corporation Law. The parties can exercise their rights as shareholders to either continue the business as it now exists, sell the business, sell the stock, have a receiver appointed, or dissolve the corporation. This method is more in keeping with the spirit of the law and will more probably assure that each will receive his or her fair share of the reasonable market value of the corporate stock.
Although defendant has also complained of the trial court judgment failing to order a partition in kind of the household furniture and fixtures, we find no error in the court's conclusion that these items were not susceptible to division in kind.
Plaintiff has asked for damages for a frivolous appeal. As defendant has obtained part of the relief requested there is obviously no merit to plaintiff's claim that the appeal is frivolous, and his demand for damages is denied.
For the foregoing reasons the judgment appealed is reversed insofar as it orders the partition by licitation of the corporate stock of Ballard's, Inc., and the judgment is amended to order the partition in kind of the shares of stock as described in paragraph 8(b) of the judgment. In all other respects the judgment is affirmed and the case is remanded for further proceedings in accordance with law. Costs of this appeal are assessed to plaintiff.
NOTES
[1] Art. 1290. All the rules, established in the present chapter, with the exception of that which relates to the collations, are applicable to partitions between coproprietors of the same thing when among the coproprietors any are absent, minors, or interdicted, or when the coproprietors of age and present can not agree on the partition and on the manner of making it.

But in these kinds of partitions the action must be brought before the judge of the place where the property to be divided is situated, wherever the parties interested may be domiciliated.
[2] Art. 1339. When the property is indivisible by its nature, or when it can not be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice and advertisements prescribed by law, and in the manner hereinafter prescribed.
[3] Art. 1340. It is said that a thing can not be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it.