ELLIS, Judge:
This is a suit to partition by licitation the property belonging to the community which formerly existed between plaintiff Mary Derouen Bone Cheramie and defendant Bohna Bone, Jr. The petition alleges that *1373 the parties are the owners of an undivided one-half interest each in certain property listed in an inventory and appraisal made by a notary public pursuant to a court order issued in another suit between the parties hereto. Defendant has filed a number of pleadings in the record, most of which are irrelevant to this case, but which we assume constitute an opposition to the partition.
At the hearing no testimony or other evidence was offered by either party. Plaintiff’s counsel related to the court a history of the litigation between the parties hereto. Defendant, who was present in court in proper person, was asked by the court why he objected to a partition in kind. His only response was that he thought the law was wrong.
Judgment was rendered, ordering the partition of the community property by lici-tation, from which judgment defendant has appealed. In this court he raises two specifications of error: first, that the court erred in rendering judgment with no evidence on which to base its opinion; and second, that the court erred in ordering the sale of 48 shares of stock of which 24 shares already stood in the name of each party.
Article 2369.1 of the Civil Code provides:
“When the spouses are unable to agree on a partition of the community, either spouse may obtain a judgment decreeing a partition of the community in kind by allocation of assets and liabilities of equal net value to each spouse. If the community or any part thereof cannot be conveniently divided, the court shall order partition by licitation.”
In this record there is absolutely no showing that the property is not susceptible of being divided in kind. In fact, there was no evidence offered as to the nature of the property, of its value, or of the debts of the community. We gather from the record that, in a previous partition suit, an inventory of the property had been taken, but the proceedings in that suit were not offered in evidence.
Under the circumstances, we have no alternative but to remand the ease for the taking of evidence as to the nature and extent of the community property, its value, the liabilities of the community and the susceptibility of the property to partition in kind.
The judgment appealed from is therefore reversed and the case remanded to the trial court for further proceedings. All costs of this appeal shall be paid by plaintiff. All other costs shall await final determination of the case on its merits.
REVERSED AND REMANDED.