444 So.2d 200 (1983)
Mary Derouen Bone CHERAMIE
v.
Bohna BONE, Jr.
No. 83 CA 0273.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
William F. Dodd, Houma, for plaintiff and appellee.
Bohna Bone, Jr., in pro. per.
Before SHORTESS, LANIER and CRAIN, JJ.
*201 LANIER, Judge.
This is a suit for partition of community property. The trial court initially ordered all of the community property partitioned by licitation. The husband appealed that judgment to this court, and we reversed because no evidence was presented to the trial court to show whether or not the property could be divided in kind. We remanded this cause back to the trial court to take evidence of the nature and extent of the community property, its value, the liabilities of the community and the susceptibility of the property to be partitioned in kind. Cheramie v. Bone, 422 So.2d 1372 (La.App. 1st Cir.1982).
On remand, the wife filed a pleading entitled "Motion for Rehearing" with the trial court requesting that "a new hearing be set by this Honorable Court in order that additional testimony and affidavits might be given at same." The husband responded to this pleading by filing peremptory exceptions pleading prescription, res judicata and no right and/or cause of action. After hearings on the exceptions and the motion, the trial court overruled the exceptions and again rendered judgment ordering all of the community property partitioned by licitation. The husband took this suspensive appeal.

EXCEPTIONS
The husband contends that the trial court's judgment overruling his exceptions is in error. He contends that the remand ordered by this court was in effect a granting of a new trial governed by La.C.C.P. art. 1971 et seq., that the "Motion for Rehearing" was not timely filed pursuant to La.C.C.P. art. 1974, that the wife no longer had a right to a new trial or an appeal and this matter is res judicata, and that since the matter has prescribed and is res judicata, the wife no longer has a right and/or cause of action. These contentions are without merit.
Pursuant to the authority of La. C.C.P. art. 2164, an appellate court may remand a case to the trial court for the taking of additional evidence when the record on appeal is so incomplete that the court is unable to reach a just decision. Emery v. Cabral, 400 So.2d 340 (La.App. 4th Cir.1981), writ denied 405 So.2d 533 (La.1981); Bodin v. Bodin, 392 So.2d 759 (La.App. 3rd Cir.1980); Succession of Brice, 390 So.2d 905 (La.App. 2nd Cir. 1980). In the instant case, this court ordered a remand for the taking of evidence because there was no evidence presented at the initial hearing on the nature and extent of the community property, its value, the liabilities of the community and the susceptibility of the property to partition in kind. The wife's "Motion for Rehearing" was obviously a request that the trial court conduct the evidentiary hearing that we ordered. Although the caption of this pleading is not precise, its purpose is evident and the husband was not prejudiced thereby. La.C.C.P. art. 865; Evans v. Ivy, 428 So.2d 886 (La.App. 1st Cir.1983). The hearing conducted by the trial court was not a new trial governed by La.C.C.P. art. 1971 et seq. or a rehearing. Instead, it was a hearing to take evidence pursuant to the express order of this court.

PARTITION BY LICITATION
The husband contends that the trial court committed error by again ordering all of the community property partitioned by licitation. In particular, he asserts that the common stock of Bone, Inc., which does business under the trade name of United Rent All, is divisible in kind.
At the hearing on remand, the principal witness was Rosemary Azar. She testified that she was appointed in the divorce proceedings between the parties hereto as notary public to inventory and partition the community of acquets and gains. She prepared an inventory dated March 9, 1981, which was homologated by the court on April 1, 1981. This inventory was the only evidence introduced to show the nature and extent of the community property, its value and the liabilities of the community. Azar testified that the family home was not divisible in kind, but no other evidence was received concerning the susceptibility of *202 the other community property to partition in kind.
The hearing on remand was held in the trial court on January 3, 1983. At that time, proceedings involving the partition of community property were controlled by the provisions of La.R.S. 9:2801. Simon v. Simon, 421 So.2d 931 (La.App. 4th Cir.1982), writ denied 423 So.2d 1181 (La.1982); Cf. Jackson v. Jackson, 425 So.2d 379 (La.App. 3rd Cir.1982). La.R.S. 9:2801(4)(a) specifically provides that in a partition of community property "[T]he court shall value the assets as of the time of trial on the merits,...". This provision of the law was not complied with on the remand. The family home was valued in March of 1981 at $90,000 and was then subject to a mortgage of $28,348.67, for a net value of $61,651.33. This value for the family home was based on an appraisal dated August 13, 1980. There is no evidence in the record to show the value of the family home in January of 1983 or what amount then remained due on the mortgage. The value of $201,191.04 placed on the 48 shares of common stock in Bone, Inc. was based in part on an appraisal of corporate property made on January 19, 1981. No evidence was given as to the value of the stock in January of 1983. A cash surrender value of $2,752 was placed on a policy of life insurance in March of 1981. There is no evidence to show the cash surrender value of that policy in January of 1983. The valuations placed on the community property in March of 1981 are not sufficient to partition this same property in January of 1983.
La.R.S. 9:2801(4) establishes an order of priorities to be considered by the trial court in allocating the assets and liabilities of the parties. The record does not reflect that this order of priorities was considered in the instant case. In Spaht, Matrimonial Regimes, 43 La.L.Rev. 513, 515-516 (1982) appears the following:
The court then shall divide the community assets and liabilities so that each spouse receives property of equal net value. The language is identical to that of article 2369.1, which was repealed. The first priority in dividing the assets and liabilities is a partition in kind, evidenced by the following language: "The court shall allocate or assign to the respective spouses all of the community assets and liabilities." In allocating the assets and liabilities, the court has authority to divide a particular asset or liability equally or unequally, or the court may allocate it in its entirety to one of the spouses. In deciding to whom an asset or liability shall be allocated, the court "shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant." If the allocation results in an unequal net distribution, the court shall order the payment of "an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct."
Should the allocation of an asset in whole or in part be inequitable to a spouse, the court has two options: (1) order the parties to draw lots for the asset, or (2) order a private sale of the asset "on such terms and conditions as the court deems proper." These two options should be used only when neither husband nor wife has a more meritorious claim to an item of community property. Otherwise, it might be inequitable for the court to assign the asset to one spouse. If the court orders a "drawing of lots," the unsuccessful party would be entitled to other community property of equal value or an equalizing sum of money.
A partition by licitation should be ordered only in the event no other alternative can be utilized. If a public sale is ordered, the court has authority to fix minimum bids and "other terms and conditions." However, if the court orders partition by licitation, it "shall expressly state the reasons why the asset cannot be allocated, assigned by the drawing of lots, or sold at private sale." Obviously, partition by licitation is disfavored as a method for partitioning the community, and under the system of priorities, it should be the method of last resort.
*203 [Footnotes omitted].
The trial court ordered that all community property be partitioned by licitation. The 1981 inventory indicates that the community had six $25 U.S. Savings Bonds and $40 in cash (which was found in an envelope in a safety deposit box). There is no evidence in the record to show why this property cannot be divided in kind. The 1981 inventory indicated that 24 of the 48 shares of stock of Bone, Inc. were in a stock certificate in the name of the husband, and the other 24 shares were in a separate stock certificate in the name of the wife. There is no evidence to show why this stock should not be confirmed in the names of the spouses. See, for example, Ballard v. Ballard, 367 So.2d 1223 (La.App. 2nd Cir.1979); Cf. Crews v. Crews, 432 So.2d 377 (La.App. 1st Cir. 1983). The 1981 inventory shows accounts receivable due the community of $13,300 from the husband and $2,100 from the wife. There is no evidence of record to show why these accounts must be sold at public auction.
The evidence adduced at the hearing on remand is inadequate to properly adjudicate this action pursuant to the law. Because these proceedings have been protracted, we are most reluctant to again remand this matter to the trial court for additional evidence. However, after reviewing the record, we find that we have no alternative.

CONCLUSION
For the foregoing reasons, the judgment of the trial court overruling the husband's exceptions of prescription, res judicata and no right and/or no cause of action is affirmed. The judgment of the trial court ordering all community property partitioned by licitation is reversed. This case is again remanded to the trial court to take evidence and adjudicate this matter in the manner prescribed by law.[1] The wife is to pay all costs of this appeal. All other costs shall await final determination of the case on its merits.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
NOTES
[1] Because a formal inventory was taken and homologated prior to the effective date of La. R.S. 9:2801 (Act 439 of 1982, effective September 10, 1982), the procedure for determining the community's assets and liabilities provided in paragraphs (1) and (2) of La.R.S. 9:2801 need not be followed. However, the trial court must ascertain the value of the assets with competent evidence at the time of the trial on remand.