462 So.2d 175 (1985)
Robert TUTTLE
v.
Ruth Walker TUTTLE.
No. 83-C-1153.
Supreme Court of Louisiana.
January 14, 1985.
Rehearing Denied March 7, 1985.
Robert J. Stamps, Metairie, for defendant-applicant.
George H. Jones, New Orleans, Harry A. Burglass, Metairie, for plaintiff-respondent.
LEMMON, Justice.
We granted certiorari to decide whether a judicial sale, held pursuant to a judgment ordering partition of community property by licitation, is invalid because the sale was conducted without a minimum bid, although neither party to the partition proceeding requested such a protective condition.
Mr. and Mrs. Tuttle were separated by judgment rendered in 1978. Mr. Tuttle thereafter filed a "petition for settlement of community property", requesting that the court order the sale of the property to effect a partition. A notary appointed by the trial court filed an inventory which listed two pieces of immovable property, valued at approximately $56,000 and $48,000 respectively, and a $9,000 certificate of deposit as the only community assets. On October 2, 1981, the trial court rendered a judgment ordering a partition by licitation to effectuate the partition of the community property. Neither party appealed from this judgment nor requested any special conditions of the sale.
On February 3, 1982, the sheriff conducted a judicial sale at which Mrs. Pauline Kavanaugh was the last and highest bidder with an offer of $14,000 for the two pieces of property.[1] The properties were thereafter transferred to Mrs. Kavanaugh by the sheriff's proces verbal.
On March 31, 1982, Mrs. Tuttle (represented by new counsel) filed the present action, seeking to annul the judicial sale on several grounds. Shortly thereafter, Mr. Tuttle filed a separate petition to annul the judicial sale.
After a trial on the merits, the trial judge set aside the judicial sale, concluding that *176 he had erred by failing to fix a minimum price in the judgment ordering the judicial sale of the community property. The court of appeal reversed, concluding that there is no statutory requirement of a minimum bid for judicial sales in partition proceedings. 430 So.2d 269. We granted certiorari. 438 So.2d 569.
La.C.C.P. Art. 4601 et seq. provide the procedural requirements for partitions between coöwners. Regarding partitions by licitation, Article 4607 provides:
"When a partition is to be made by licitation, the sale shall be conducted at public auction and after the advertisements required for judicial sales under execution. At any time prior to the sale, the parties may agree upon a nonjudicial partition."
None of the other requirements for judicial sales under execution, such as appraisal and minimum bid, are expressly made applicable to judicial sales in partition proceedings, although Article 4604 permits the judge to order an inventory and Article 4605 accords the judge discretion "to direct the manner and conditions of effecting the partition, so that it will be most advantageous and convenient to the parties".
There is no mention of minimum bids in La.C.C.P. Art. 4601 et seq., or in La.C.C. Art. 1322 et seq. (dealing with judicial partitions between coheirs in successions), La. C.C. Art. 2601 et seq. (dealing with public sales generally), La.R.S. 9:3001 et seq. (dealing with judicial sales generally), or La.R.S. 13:4341 et seq. (dealing with the procedure for judicial sales). However, La. R.S. 9:2801, enacted in 1982 relative to partitions of community property, now provides that "[t]he court may fix the minimum bids and other terms and conditions upon which the property is offered at public sale".[2] La.R.S. 9:2801(4)(e).
The courts have previously addressed the issue of whether minimum bids, although not statutorily required, are necessary in judicial sales in partition proceedings. In the late 1800s and early 1900s, this court held that minimum bids are not necessary. Life Assoc. of America, 33 La.Ann. 49 (1881); Buddecke v. Buddecke, 31 La.Ann. 572 (1879); Shaffet v. Jackson, 14 La.Ann. 154 (1859). See also other cases cited in CommentNecessity of Realizing Two-Thirds of Appraisement in Property Sold to Effect a Partition, 11 Loy.L.Jour. 102 (1930).
Several cases have approved judicial sales in partition proceedings after requests for minimum bids had either been granted or denied. See Ballard v. Ballard, 367 So.2d 1223 (La.App. 2nd Cir. 1979); Tri-State Concrete Co. v. Stephens, 406 So.2d 205 (La.1981);[3]Blanchard v. Fontana, 434 So.2d 1150 (La.App. 1st Cir. 1983). The usual basis for the discretionary ordering of a minimum bid has been the fact of unequal bargaining power between the parties or the likelihood of little or no competitive bidding.
In Sibley v. Pierson, 125 La. 478, 51 So. 502 (1910), and Giglio v. Giglio, 159 La. 46, 105 So. 95 (1925), this court required a minimum bid, but those cases involved an appeal from a judgment ordering partition by licitation, while the present case seeks to annul a judicial sale ordered by an unappealed *177 judgment.[4] Thus, those cases, despite language in dicta, may be viewed as turning on the abuse of the trial judge's discretionary power to order a minimum bid. No case has been found which annulled a judicial sale ordered to partition coöwned property.
As to the applicability of La.C.C.P. Art. 2331 et seq., which govern judicial sales in execution of money judgments, those articles have been carefully formulated to govern relationships and rights among the debtor, the foreclosing creditor, and the superior and inferior creditors, as well as to provide a method for delivering the seized property to the purchaser at the judicial sale free of the claims of inferior creditors. Many of the considerations pertinent to such sales are simply not applicable to judicial sales in partition proceedings. Moreover, the Legislature, by expressly including in La.C.C.P. Art. 4607 the advertisement provisions of judicial sales under execution, impliedly rejected the other requirements of such sales.
While there is a great deal of attractiveness to the proposition that minimum bids should be required in all judicial sales in partition proceedings, this is essentially a question addressed to the Legislature. The courts have long recognized that the ordering of minimum bids is within the judge's discretion, and the Legislature recently affirmed (in enacting La.R.S. 9:2801[4][e]) that this is a discretionary matter. It would therefore be contrary to and inconsistent with this recent legislative pronouncement for this court to now hold that a minimum bid is essential to the sale, saying in effect that the judge has no discretion in the matter.
Accordingly, the judgment of the court of appeal is affirmed.
WATSON, J., concurs and will assign reasons.
DENNIS, J., dissents.
WATSON, Justice, concurring.
The resolutory issue is whether the sale of property pursuant to an order for partition by licitation may be voided for failure to require a two-thirds minimum bid.
The answer to the question is quickly found by a reference to the Code of Civil Procedure articles dealing with partition of property between co-owners. See LSA-C. C.P. art. 4601. Counsel for Ruth Walker Tuttle strenuously argues that the articles concerning judicial sale under writ of fieri facias, LSA-C.C.P. art. 2331, et seq., require the two-thirds bid. There is no authority in the statutes or the jurisprudence for this position.
The Court of Appeal accurately summarized the applicable law:
"The only remedy remaining to the Tuttles, then, was to have the judicial sale itself annulled, for failure to comply with the formalities required by law. They sought to do so through their allegations of lesion and of failure to reach the minimum bid required by C.C.P. art. 2331.
"As stated above, however, C.C.P. art. 2331 applies only to sales under executory process [meaning under execution of judgment.] It is well-settled that in partition sales the validity of the adjudication (that is, the sale) does not depend upon a proportion to the appraisement. The property can be legally adjudicated regardless of the value placed on it, even when minors are co-owners. [Citations omitted.] The law requires only that the property be sold to the last and highest bidder. LSA-C.C. arts. 2601, 2607; LSA-R.S. 5:17. The judge who orders the judicial sale may place conditions on that sale (such as a minimum bid price), but it is not mandatory he do so. Had the Tuttles desired the judge to place a minimum price on the sale offering, they should have requested it by motion for *178 new trial or by suspensive appeal of the judgment ordering the public sale.
"Further, it is clear the sale cannot be attacked on the basis of lesion. LSA-C.C. arts. 1869 and 2594 expressly state that lesion and lesion beyond moiety are not applicable to judicial sales." 430 So.2d 269 at 273.
Ms. Tuttle cites as authority for her contention that a minimum bid of two-thirds of the appraised value is required, the cases of Wetherbee v. Lodwich Lumber Company, 194 La. 352, 193 So. 671 (1940); Ballard v. Ballard, 367 So.2d 1223 (La.App. 2 Cir.1979); and Tri-State Concrete Company, Inc. v. Stephens, 406 So.2d 205 (La., 1981). Unfortunately, none of these cases stand for the proposition argued. The oldest case, Wetherbee, does not mention the two-thirds requirement although a partition by licitation was effected in that case. Ballard, an opinion of the Court of Appeal, Second Circuit, makes two holdings: (1) that the trial court was not in error in declining to fix minimum bid amounts for the properties to be sold when it had not been presented with evidence as to the value of the properties; and (2) that under the circumstances of the case certain corporate stock in dispute should be divided in kind rather than by licitation. Finally, Tri-State holds, as pertinent to the matter before the court, that the court has discretion to direct the manner and conditions of effecting a partition by licitation so that it will be most advantageous to the parties and that the Court of Appeal did not err in setting, prior to sale, a minimum price that a tract of land must bring at public sale, the failure of which would result in a second offering without a minimum. These cases relate largely to the authority of the courts to make requirements in connection with partition by licitation; all seem to concede that such could have been done in the Tuttle sale, but it was not. The cases do not support the contention that the Tuttle sale was void for failure to require a two-thirds bid.
There is no cause of action in Louisiana to void a partition sale between co-owners for the Sheriff's failure to require a two-thirds bid; the exceptions of no cause of action should have been sustained. In any event, a correct resolution of the case was reached by the Court of Appeal.
I respectfully concur.
NOTES
[1] The properties were encumbered by a mortgage of approximately $10,500. Thus, the bid was sufficient to pay the outstanding mortgages and the costs of the sale, although the balance of the sale proceeds was insufficient to cover the fees of the notary and appraisers for the inventory.
[2] La.R.S. 9:2801 adopted the "aggregate theory" of partition in kind, in which the court may allocate assets which are indivisible in kind, as well as liabilities, between the spouses. In cases in which neither spouse has a more meritorious claim to a particular item, the court may order the parties to draw lots for the asset or may order a private sale. Partition in licitation is the method of last resort. See Developments in the Law, 1981-1982Matrimonial Regimes, 43 La.L.Rev. 513 (1982).

The aggregate method of partition would have been particularly useful in the present case, which involved two assets, each indivisible in kind but of relatively equal value, and an asset divisible in kind. See also La.C.C. Art. 2369.1, adopted in 1981.
[3] In the Tri-State case, the court of appeal ordered a minimum bid in the sale of a large tract of land, although no request had been made, but did not order a minimum bid in the sale of a smaller tract. This court approved on the basis that there was likely to be sufficient competitive bidding for the smaller tract to protect the interests of all parties.
[4] If either party had appealed the judgment ordering partition by licitation, the appellate court arguably could have applied La.R.S. 9:2801 and ordered partition in kind by judicial allotment of the assets and liabilities to the spouses. See Simon v. Simon, 421 So.2d 931 (La.App. 4th Cir.1982).