BARRY, Judge.
A co-owner of immovable property appeals a judgment which orders a partition by licitation without a minimum bid.
Eugene Gomes petitioned for a partition by licitation with a sworn descriptive list valuing the land and building at $200,-000.00. Monte Ducote, the co-owner, was denied a protective order compelling an inventory, appraisement and a minimum two-thirds bid of the appraisal.
Ducote’s appeal only concerns the necessity for a minimum bid. He contends he is at a disadvantage due to a tax lien against his equity in the property and relies on Tri-State Concrete Co., Inc. v. Stephens, 406 So.2d 205 (La.1981). He also asserts “there is a great deal of attractiveness” by requiring a minimum bid on partitions by licitation. Tuttle v. Tuttle, 462 So.2d 175 (La.1985).
Gomes responds that a partition by licitation does not require a minimum bid.
La.C.C.P. Art. 4604 provides that the Court may order an inventory of all property to be partitioned in accord with Arts. 3131 through 3137. C.C.P. Art. 4605 gives the court discretion to direct the manner and conditions of effecting the partition. C.C.P. Art. 3136 specifies that a de *555 tailed descriptive list of property may be substituted for a formal inventory. There is no minimum bid requirement.
Ducote’s reliance on Tri-State Concrete Co., Inc. v. Stephens, supra, and Tuttle v. Tuttle, supra, is misplaced because they do not hold that a minimum bid is essential.
Initially the trial judge ordered an appraisal and two-thirds minimum bid and assessed the cost to Ducote because the appraisal was unnecessary and Gomes should not be “saddled with that additional cost.” When Ducote refused to accept the cost of a possible second sale the judge stated:
My sense of fairness and justice dictates that we would do whatever is appropriate to protect you as best we can. I agree with you that if the IRS is going to take whatever proceeds that will come to you that you would have no interest in bidding. The IRS may decide that maybe they won’t bother about even coming because “we’re going to get ours sooner or later and we’ll get what we can out of this and as soon as he accumulates other property, we will proceed against that.” So, I’m accepting your word as an officer of the Court that you would be put to disadvantage. Mr. Gomes apparently realizes that although he’s not agreeing to it, but I certainly can’t cause him to be harmed by our effort to protect you, but if you won’t agree to it, then I’ve got to remove the order that it be sold for two-thirds because inherent in an order for property to be sold for two-thirds of his (sic) appraisal is the possibility that it can’t be sold for two-thirds of his (sic) appraisal and you’ve got to provide for a second sale thirty days later where it would be sold to the highest bidder ... There is no requirement in a partition by licitation that property be sold for two-thirds of its appraisal.
And I am guided and I’m saying that I’m willing to do it, but at the same time, Mr. Gomes is saying, “Judge, don’t penalize me because Mr. Ducote is in a disadvantageous position.” His half should not have to pay for something that we’re doing for your benefit, solely for your benefit and unless you are agreeing on the record, which we will take as a binding contract enforceable by Mr. Gomes, we’re not going to order that property be sold for two-thirds of its appraisal.
The court expressly considered the effects of the sale on both parties in light of their circumstances. It properly decided that the most advantageous method to partition was without appraisal, formal inventory, or a minimum bid.
The judgment is affirmed.
AFFIRMED.