970 So.2d 633 (2007)
Brenda Joyce WILLIAMS
v.
Ronnie L. WILLIAMS.
No. 2006 CA 2491.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
*635 G. Bruce Kuehne, Marcus T. Foote, Baton Rouge, Counsel for Plaintiff/Appellant, Brenda Joyce Williams.
Harry W. Ezim, Baton Rouge, Mark D. Plaisance, Baker, H. Michael Aaron, Baton Rouge, Counsel for Defendant/Appellee, Ronnie L. Williams.
Before: WHIPPLE, GUIDRY and HUGHES, JJ.
WHIPPLE, J.
This is an appeal from a judgment of the Family Court for East Baton Rouge Parish, partitioning the final asset co-owned by the parties. For the following reasons, we vacate the judgment and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
Brenda Williams and Ronnie Williams were married on December 26, 1971, and were subsequently divorced by judgment dated February 25, 2000. On October 22, 1999, during the parties' marriage and prior to the filing of a divorce petition, Mr. and Mrs. Williams signed an agreement purporting to settle "any and all claims each may have against the community of acquet[s] and gains that exist or has existed" between the parties. The agreement provided that the parties were to each retain an undivided one-half interest in the immovable property located at 280 Englewood in Baton Rouge, Louisiana and the furnishings contained therein. The agreement further provided that based upon a lump-sum payment of $30,000.00 and monthly payments of $1,500.00 by Mr. Williams, Mrs. Williams "waive[d] any and all further claims against Ronnie L. Williams for recovery of alimony, child support and/or community property claims."
Almost four years later, on November 10, 2004, Mrs. Williams filed a petition for judicial partition of community property, contending that, while the parties had partitioned some movable property by mutual agreement, the parties had not been able to amicably agree to a partition of remaining community property, which she contended in her detailed descriptive list was valued in excess of $10,000,000.00. Mr. Williams filed a rule challenging Mrs. Williams's petition for partition, and following a hearing on Mr. Williams' rule, the court signed a judgment on December 17, 2004, based upon the pleadings, applicable law, evidence and "the stipulation of the parties," which judgment, in part, decreed that the October 22, 1999 agreement to partition the community property was a valid and enforceable agreement and dismissed Mrs. Williams's petition for judicial partition of community property with prejudice. Mrs. Williams's subsequent attempts to nullify the December 17, 2004 judgment failed when the family court dismissed her petition to nullify and this court affirmed the judgment dismissing her petition for nullity. Williams v. *636 Williams, 2006 CA 0358, 949 So.2d 672, 2007 WL 710226 (La.App. 1st Cir.2/9/07)(unpublished).
In the interim, on March 1, 2006, Mr. Williams filed in the family court a petition for partition of the only remaining asset of the community that had not been partitioned, i.e., the house located at 280 Englewood Drive. On that same date, the court issued an ex parte order, ordering the parties to file a sworn and certified copy of an appraisal of the home within forty-five days of the order, ordering that an independent appraiser be appointed to estimate the value of the home, and ordering that the house be listed for sale unless either party indicated in writing his or her intent to purchase the home.[1]
Subsequently, on May 15, 2006, Mr. Williams filed a rule to show cause why his detailed descriptive list should not be deemed a judicial determination of the only remaining asset of the former community. In his rule, Mr. Williams contended that, in accordance with the court's March 1, 2006 order that both parties file a sworn and certified copy of an appraisal of the home, he had filed a detailed descriptive list and had attached an appraisal of the home, which set the fair market value at $125,000.00.[2] Mr. Williams further contended that more than forty-five days had elapsed, and Mrs. Williams had not filed a detailed descriptive list or a certified copy of an appraisal of the home. Thus, Mr. Williams requested that the court accept his "detailed descriptive list and certified copy of an appraisal of the house" and deem his list to be a judicial determination that this was "the only remaining asset of the former community left to be partitioned." Mr. Williams also filed into the record a letter of intent, setting forth his desire to purchase Mrs. Williams's one-half interest in the former community home.
On June 13, 2006, a hearing was conducted on Mr. Williams's rule, among other matters. Thereafter, by judgment dated August 22, 2006, the court ordered that Mr. Williams's "detailed descriptive list and sworn and certified copy of the appraisal is herein deemed a judicial determination of the only remaining asset, a house located at 280 Englewood Drive, Baton Rouge, Louisiana."[3]
Trial of the partition proceeding was scheduled for August 29, 2006. On August *637 25, 2006, Mrs. Williams filed in the record her notice of intent, declaring her intent to purchase the former community home for $151,000.00, which was approximately $25,000.00 more than the price listed in Mr. Williams's detailed descriptive list. At the trial of the partition, the trial court refused to allow counsel for Mrs. Williams to present any evidence or testimony as to the value of the home, stating that it had previously accepted Mr. Williams's detailed descriptive list and attached appraisal as the court's judicial determination of the community assets and liabilities. The court also refused to allow counsel for Mrs. Williams to proffer any evidence as to the value of the home as of the time of the trial.
At the conclusion of the trial, the trial court ruled that Mr. Williams would be awarded sole ownership of the former community home located at 280 Englewood Drive and that he would be allowed to purchase Mrs. Williams's interest in the former community home for $62,500.00, representing one-half of the $125,000.00 value previously determined by the court. From a judgment ordering Mrs. Williams to transfer her interest in the former community home to Mr. Williams for the sum of $62,500.00, Mrs. Williams appeals.
On appeal, Mrs. Williams contends that the trial court erred in: (1) refusing to value the property as of the time of trial on the merits as specifically required by LSA-R.S. 9:2801(A)(4)(a); (2) prohibiting Mrs. Williams from challenging the value of assets included in a detailed descriptive list, contrary to the specific provisions of LSA-R.S. 9:2801(A)(2); (3) not permitting a proffer of evidence, in violation of the specific requirements of LSA-C.C.P. art. 1636; (4) giving effect to the August 22, 2006 judgment, which had been obtained by fraud or ill practices; and (5) not permitting Mrs. Williams to purchase the property, when she offered to purchase it for $25,000.00 in excess of the amount Mr. Williams testified was the fair market value.

ASSIGNMENTS OF ERROR NUMBERS ONE, TWO AND THREE
In her first, second and third assignments of error, Mrs. Williams contends that the trial court erred in refusing to value the former community home as of the date of the trial of the partition, refusing to allow her to offer evidence at the trial on the merits as to its value at that time, and refusing to allow her to proffer such evidence when it deemed the evidence inadmissible. We agree.
Louisiana Revised Statute 9:2801 sets forth the procedure to be followed in partitioning community property and settling claims arising from the co-ownership of former community property. Stringer v. Stringer, 96-1990 (La.App. 1st Cir.6/20/97), 698 So.2d 965, 966, writ denied, 97-2586 (La.12/19/97), 706 So.2d 463. It is incumbent upon the trial court to follow the procedure outlined in the statute. McElwee v. McElwee, 93-1010 (La. App. 1st Cir.8/17/94), 649 So.2d 975, 977. In particular, LSA-R.S. 9:2801(A) provides, in pertinent part, as follows:
When the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising either from the matrimonial regime, or from the co-ownership of former community property following termination of the matrimonial regime, either spouse . . . may institute a proceeding, which shall be conducted in accordance with the following rules:
(1)(a) Within forty-five days of service of a motion by either party, each party shall file a sworn detailed descriptive list of all community property, the fair market *638 value and location of each asset, and all community liabilities. For good cause shown, the court may extend the time period for filing a detailed descriptive list. If a party fails to file a sworn detailed descriptive list timely, the other party may file a rule to show cause why its sworn detailed descriptive list should not be deemed to constitute a judicial determination of the community assets and liabilities. At the hearing of the rule to show cause, the court may either grant the request or, for good cause shown, extend the time period for filing a sworn detailed descriptive list. If the court grants the request, no traversal shall be allowed.
* * *
(2) Within sixty days of the date of service of the last filed detailed descriptive list, each party shall either traverse or concur in the inclusion or exclusion of each asset and liability and the valuations contained in the detailed descriptive list of the other party. . . . The trial of the traverses may be by summary procedure. At the trial of the traverses, the court shall determine the community assets and liabilities; the valuation of assets shall be determined at the trial on the merits. The court, in its discretion, may by ordinary procedure try and determine at one hearing all issues, including those raised in the traverses.
* * *
(4) The court shall then partition the community in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties. (Emphasis added).
Subsection (A)(2) of LSA-R.S. 9:2801 refers to a trial of the traverses, at which time the court shall determine the assets and liabilities of the community. However, the determination of the valuation of assets shall be determined at the trial on the merits. This statute envisions two possible trials: the first being the preliminary trial of the traverses and the second later trial being the trial on the merits whereupon the assets will be valued and allocated and an accounting rendered. Queenan v. Queenan, 492 So.2d 902, 914 (La.App. 3rd Cir.), writ denied, 496 So.2d 1045 (La.1986).
In specifying this procedure, the legislature intended that the assets be valued upon the occasion of the trial on the merits, at a time as close as possible to when those particular assets would actually be divided between the parties. Ideally, this would insure that each party would be getting a group of equally valued assets at the time of the partition. If, on the other hand, the assets are valued at a time well in advance of the actual partition, in the meantime, some assets could depreciate, and others could appreciate in value, and these fluctuations would not be accounted for in the final distribution. Queenan, 492 So.2d at 914.
Pursuant to LSA-R.S. 9:2801(A)(1)(a), where, as here, one party fails to file a detailed descriptive list, the other party may seek to have the court deem his or her detailed descriptive list to constitute a judicial determination of the "community assets and liabilities." If the court deems the other party's list to be a judicial determination of the assets and liabilities of the parties, no traversal shall be allowed. LSA-R.S. 9:2801(A)(1)(a). However, given that the trial court is statutorily authorized only to determine the assets and liabilities of the parties at the trial of the traverses, and is not entitled to value those assets *639 and liabilities at that time, we disagree with the trial court's conclusion that by failing to file a detailed descriptive list, Mrs. Williams forfeited her right to establish the value of the former community home at the trial on the merits.[4] Rather, she forfeited only her right to traverse Mr. Williams's detailed descriptive list of what items constituted the parties "assets and liabilities." Thus, because the trial court had deemed Mr. Williams's detailed descriptive list to be "a judicial determination of the parties' assets and liabilities," Mrs. Williams was not entitled to a trial to controvert his listing of the parties' assets and liabilities.[5] However, the remaining issues before the trial court at the trial on the merits were the valuation of the home as of the time of the trial on the merits, distribution of the home and any resulting equalizing payment that would have been due subsequent to the partition, in accordance with LSA-R.S. 9:2801(A)(4). Charles v. Charles, XXXX-XXXX (La.App. 1st Cir.2/10/06), 923 So.2d 786, 788.
At the trial of the partition, Mr. Williams testified that he had had the home appraised in June 2005, and that the appraised value at that time was $125,000.00. He acknowledged that the appraisal had been performed more than one year before the current trial on the merits of the partition and before any change in property values in the Baton Rouge area resulting from Hurricane Katrina. However, Mr. Williams stated that he believed the current value of the home was $125,000.00, or possibly less due to mildew in the home and deterioration of the pool.[6]
As stated above, based on its erroneous interpretation of the statute, the trial court refused to allow counsel for Mrs. Williams to put forth any evidence as to the current value of the former community home as of the time of trial, stating that it had deemed Mr. Williams's valuation in his detailed descriptive list to be a judicial determination of the value to be assigned to the home. By proceeding in this manner, the learned trial court erred as a matter of law.
The valuation of the former community home in June 2005 clearly was not sufficient to establish the value for a partition of this same property in August 2006, especially considering the events that occurred between those two dates. See Cheramie v. Bone, 444 So.2d 200, 202 (La. App. 1st Cir.1983). Thus, we conclude that while the trial court acted within its discretion in deeming Mr. Williams's detailed descriptive list to be a judicial determination of the extent of the parties' assets and liabilities, it erred in deeming, at that time, and based on the filing of a list by one party (and the failure to file by the other), that the value of the home shown in Mr. Williams's detailed descriptive list constituted a judicial determination of the *640 value of this asset. Rather, the value of the home should have been determined as of the time of the trial on the merits, LSA-R.S. 9:2801(A)(2) and (A)(4)(a), and the trial court committed legal error in failing to do so.
Likewise, we must conclude that the trial court erred in its decision to not allow counsel for Mrs. Williams to proffer her evidence as to valuation. Pursuant to LSA-C.C.P. art. 1636, when the court rules against the admissibility of any evidence, the court shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence. Article 1636 is mandatory, not discretionary. Michelli v. Michelli, 93-2128 (La.App. 1st Cir.5/5/95), 655 So.2d 1342, 1349. The purpose of requiring a proffer is to preserve excluded evidence so that the testimony or evidence is available for appellate review of a trial court's erroneous ruling. McLean v. Hunter, 495 So.2d 1298, 1305 (La.1986). When legal error has been found and a complete record has been made through a proffer, the appellate court is able to conduct a de novo review of the record, including the proffered evidence, to render a decision on appeal. Holliday v. Holliday, XXXX-XXXX (La.App. 1st Cir.8/17/01), 795 So.2d 423, 429, amended in part on other grounds on rehearing, XXXX-XXXX (La.App. 1st Cir.9/28/01), 797 So.2d 774. However, without a proffer, appellate courts have no way of ascertaining the nature of the excluded evidence. McLean, 495 So.2d at 1305.
Because the trial court committed legal error in refusing to allow a proffer by Mrs. Williams of her evidence regarding the value of the home at the time of trial, we are unable to conduct a de novo review herein. Accordingly, we must vacate the portion of the August 29, 2006 judgment ordering Mr. Williams to pay Mrs. Williams $62,500.00 for her one-half interest in the former community home.[7] To the extent that the August 22, 2006 interlocutory judgment purported to assign a value of $125,000.00 to the home by providing that Mr. Williams's "sworn and certified copy of the appraisal" attached to his detailed descriptive list was deemed a judicial determination of the only remaining community asset, it must also be vacated.[8]
These assignments of error have merit.

ASSIGNMENT OF ERROR NUMBER FOUR
In her fourth assignment of error, Mrs. Williams contends that the August 22, 2006 judgment, deeming Mr. Williams's "detailed descriptive list and sworn and certified copy of the appraisal" to be a judicial determination of the parties' only remaining asset, was obtained by fraud or ill practices and that the trial court erred in giving it effect, because it differed in substance from the ruling as set forth in the June 13, 2006 minute entry of the hearing at which the ruling was orally rendered. Specifically, the minute entry for the June 13, 2006 hearing stated that the court *641 deemed Mr. Williams's "[d]etailed [d]escriptive Mist" to be the assets and liabilities of the parties. The August 22, 2006 judgment, on the other hand, provided that Mr. Williams's "detailed descriptive list and sworn and certified copy of the appraisal" were deemed a judicial determination of the only remaining asset of the parties. According to Mrs. Williams, this judgment, with language adopting the appraisal submitted by Mr. Williams, was submitted to the court by counsel for Mr. Williams, without the opportunity for counsel for Mrs. Williams to review it.
Given our conclusion that the trial court's premature valuation of the home based on the value listed in Mr. Williams's detailed descriptive list constituted error, and our decision herein to vacate the trial court's rulings, any request by Mrs. Williams to vacate the August 22, 2006 judgment with respect to the trial court's valuation of the home, on the basis that the ruling was obtained or founded upon fraud and ill practices, is now moot.

ASSIGNMENT OF ERROR NUMBER FIVE
In her final assignment of error, Mrs. Williams contends that the trial court erred in not permitting her to purchase Mr. Williams's interest in the former community home where she offered to purchase his interest with an assigned value of the home of $150,000.00, which was $25,000.00 in excess of the amount Mr. Williams testified was the fair market value of the home.[9]
In deciding to whom an asset or liability shall be allocated, the court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances the court deems relevant. LSA-R.S. 9:2801(A)(4)(c); Cheramie, 444 So.2d at 202. The trial court's allocation or assigning of assets and liabilities in the partition of community property is reviewed under the abuse of discretion standard. See McCarroll v. McCarroll, 99-0046 (La.App. 1st Cir.5/12/00), 767 So.2d 715, 719-720, writ denied, 2000-2370 (La.11/3/00), 773 So.2d 146; Newman v. Newman, 35,568 (La.App. 2nd Cir.1/25/02), 806 So.2d 981, 983-984; and Kambur v. Kambur, 94-775 (La.App. 5th Cir.3/1/95), 652 So.2d 99, 101-102.
In the instant case, while the issues before the trial court at the trial on the merits should have been valuation of the home as of the time of trial, allocation of the home and the amount of any resulting equalizing payment that would have been due subsequent to partition, as discussed at length above, the trial court failed to follow the proper procedure and, thus, improperly determined the value of the property when it failed to conduct a full trial on the merits. Because there has been no "full trial on the merits" herein, and because the value of the property may be higher or lower at the time of the full trial on remand, this court concludes that it would be unjust to require Mrs. Williams to sell her interest on the basis of a judgment rendered pursuant to incorrect procedure. Additionally, because the trial court must determine the proper value of the home on remand, disposition of the asset prior to its valuation (and without due regard for the parties' respective financial situations) would be premature. See LSA-R.S. 9:2801(A)(4).
Accordingly, because we conclude that the errors committed by the trial court had the effect of denying Mrs. Williams a full trial on the merits, we conclude that the August 29, 2006 judgment must be vacated in its entirety. This matter will be *642 remanded for a full trial on the merits to determine the valuation of the home as of the time of the trial, allocation of the home to one of the parties and the amount of any resulting equalizing payment, in accordance with LSA-R.S. 9:2801(A)(4).[10] LSA-C.C.P. art. 2164; see Cheramie, 444 So.2d at 202-203.

CONCLUSION
For the above and foregoing reasons, the August 29, 2006 judgment, awarding Mr. Williams sole ownership of the former community home and ordering Mr. Williams to tender to Mrs. Williams the sum of $62,500.00, for the purchase of her interest in the former community home located at 280 Englewood Drive, Baton Rouge, Louisiana, is vacated. Additionally, the portion of the August 22, 2006 interlocutory judgment purporting to recognize the certified copy of the appraisal obtained by Mr. Williams as a judicial determination of the value of the former community home is also vacated. This matter is remanded to the trial court to conduct a full trial to: (1) establish the actual value of the former community home as of the trial on the merits on remand; (2) determine which party, if any, should be allocated the former community home; and (3) order the payment of any resulting equalizing sum to the other party. Costs of this appeal are assessed equally between the parties.
JUDGMENT OF AUGUST 29, 2006 VACATED; INTERLOCUTORY JUDGMENT OF AUGUST 22, 2006 VACATED IN PART; AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] We note that although the trial court ordered an independent appraisal of the home, this apparently was never accomplished.
[2] While Mr. Williams contended in his rule and again on appeal that he filed a detailed descriptive list with an attached appraisal of the former community home, the record on appeal did not contain either of these documents. Following oral argument in this matter, Mr. Williams filed in the trial court a motion to supplement the record on appeal. In his motion, Mr. Williams contended that the detailed descriptive list along with the attached appraisal was filed on April 26, 2006, but was never made a part of the official record. Thus, Mr. Williams sought to have the trial court record supplemented with the detailed descriptive list and to transmit the supplementation to this court. By order dated August 15, 2007, the trial court ordered the appellate record supplemented with the detailed descriptive list and attached appraisal. We note, based on our review of the supplement, that the detailed descriptive list does in fact bear a file-stamp date of April 26, 2006. However, the attached appraisal bears no file-stamp date.
[3] Subsequent to the hearing on Mr. Williams's rule, but prior to the trial court's signing of the August 22, 2006 judgment, Mrs. Williams filed a motion to appoint a real estate appraiser, requesting that the court appoint a qualified expert to appraise the home, with the cost to be split between the parties. While a hearing on the motion was scheduled for August 22, 2006, the minute entry for that date does not indicate that the trial court actually considered or ruled upon the motion on that date.
[4] We recognize that the trial court, in its discretion, may by ordinary procedure, try and determine at one hearing all issues, including those raised in the traverses. LSA-R.S. 9:2801(A)(2). However, that procedure was not utilized herein.
[5] Mrs. Williams averred that she elected to not file a detailed descriptive list because she did not dispute his representation that there was only one remaining asset owned in indivision by the parties, i.e., the home listed in Mr. Williams's detailed descriptive list.
[6] As of the time of trial, the home had been vacant for approximately five months, after Mrs. Williams vacated the premises. There was some indication at trial that a tree had fallen on the home, causing some damage and the mildew problems. However, there was no evidence as to insurance proceeds, if any, available or received to make the necessary repairs.
[7] For reasons discussed more fully in our discussion of assignment of error number five below, in addition to vacating the valuation set by the trial court, this court is vacating the August 29, 2006 judgment in its entirety and remanding this matter for a full trial on the merits.
[8] When an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him or her, in addition to review of the final judgment. Rao v. Rao, XXXX-XXXX (La.App. 1st Cir.11/4/05), 927 So.2d 356, 360, writ denied, 2005-2453 (La.3/24/06), 925 So.2d 1232.
[9] The notice of intent filed into the record by Mrs. Williams actually declared her intent to purchase the home for a stated value of $151,000.00, not $150,000.00.
[10] We note that on remand, the trial court must ascertain the value of the former community home with competent evidence at the time of trial on the merits on remand. See Cheramie, 444 So.2d at 2-3 n. 1.