McDONALD, J.,
concurring.
hi respectfully concur with the result reached in the majority opinion. I write separately, however, to express my belief that the trial court abused its discretion in refusing to allow the deposition of Michael Daigle, the City’s expert witness, for use at the trial.
First, I think representations by the City’s attorney to the court, as an officer of the court,, along with documentation of email messages he received from Mr. Dai-gle indicating that Mr. Daigle’s unavailability was “on the advice of [his] cardiologist,” sufficiently established Mr. Daigle’s unavailability under LSA-C.C.P. art. 1450(A)(3)(a). Contrary to the majority’s findings, I do not think the City was required to present additional documentation substantiating Mr. Daigle’s claim; nor do I think the City’s attorney should have contacted the cardiologist to personally confirm Mr. Daigle’s unavailability, as the Health Insurance Portability and Accountability Act of 1996 (HIPAA), would have prevented the cardiologist from disclosing Mr. Daigle’s medical information without permission;[1] nor do I think the issuance of a subpoena to Mr. Daigle was required.
Second, I think the parties’ stipulation that Mr. Daigle’s deposition was “taken for all purposes allowed under Article 1421 et seq. of the Louisiana Code of Civil Procedure in accordance with law” would include use of the deposition at trial, as is plainly *209 allowed under LSA-C.C.P. art. 1450. Although the majority attempts to distinguish the Town of Church Point and Joseph cases, the fact that the parties did not take Mr. Daigle’s deposition with the intention that it be used at trial does not preclude such. Sullivan |2was not prejudiced, because its counsel was the person who asked all the questions at the deposition. Further, I do not think the City’s failure to subpoena Mr. Daigle precludes the use of his deposition at trial or that such constitutes a lack of due diligence by the City. Knowing Mr. Daigle was suffering from poor health, the City presumably and understandably chose to defer to his cardiologist’s advice and not pursue Dr. Daigle’s presence at trial.
At the least, I also think that, under the circumstances, “justice required” consideration of Mr. Daigle’s deposition under LSA-C.C.P. art. 1450(A)(5), because his expert opinion may have aided the trial court in determining the proper measure of damages. The fact that the majority sets aside the trial court’s findings, and conducts a de novo review of the evidence to determine the appropriate amount of damages for the idle equipment charges, substantiates the fact that the trial court had insufficient information to make a proper determination on the issue of damages.
When legal error has been found and a complete record has been made through a proffer, the appellate court is able to conduct a de novo review of the record, including the proffered evidence, to render a decision on appeal. Williams v. Williams, 06-2491 (La.App. 1 Cir. 9/14/07), 970 So.2d 633, 640. Because the trial court’s legal error of refusing to allow the City to use Mr. Daigle’s deposition at trial interdicted the factfinding process in this case, I think the majority’s de novo review should have included consideration of his deposition. Notably, Mr. Daigle’s opinion is consistent with the majority’s finding that Mr. Myers’ methodology in calculating damages was faulty; thus, reference to his improperly excluded opinion supports the majority’s de novo damage award.

. Pursuant to HIPAA, Pub.L. 104-191, 110 Stat. 1936 (codified in various sections of Titles 18, 26, 29 and 42 of the United States Code), the secretary of the United States Department of Health and Human Services has promulgated regulations establishing national standards for the privacy of individually identifiable health information, referred to generally as the “Privacy Rule.” 45 C.F.R. Part 164, Subpart E. See Hill v. East Baton Rouge Parish Dept. of Emergency Medical Services, 05-1236 (La.App. 1 Cir. 12/22/05), 925 So.2d 17, 21-22, writ denied, 06-0229 (La.5/5/06), 927 So.2d 311.